**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James Kenneth GARDNER,**
**Defendant–Appellant.**

**No. 92–50142.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 1, 1993.

Decided March 16, 1993.

Philip Deitch, Los Angeles, CA, for defendant-appellant.

Yvette M. Palazuelos, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Before: SCHROEDER, THOMPSON and O'SCANNLAIN, Circuit Judges.

PER CURIAM:

James Kenneth Gardner appeals his 147–month sentence under the United States Sentencing Guidelines ("U.S.S.G.") for one count of bank robbery, in violation of 18 U.S.C. § 2113(a); two counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a)(d); and one count of using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). Gardner contends the district court erred by enhancing his guideline range for obstruction of justice, by failing to consider the kind of duress required for a downward departure under section 5K2.12, by failing to explain by appropriate findings why it refused to depart under section 5K2.0, and by failing adequately to explain the reason for the sentence it imposed.

The district court had jurisdiction under 18 U.S.C. § 3231. Notice of appeal was timely filed. Fed.R.App.P. 4(b). We have jurisdiction under 28 U.S.C. § 1291.

We vacate Gardner's sentence and remand for resentencing, because the district court disregarded any *mens rea* requirement in increasing Gardner's offense level for obstruction of justice under U.S.S.G. § 3C1.1 (Nov. 1991).

### 1. Obstruction of Justice

"Whether a defendant obstructed justice under the Guidelines is a factual determination we review for clear error." *United States v. Jackson*, 974 F.2d 104, 105 (9th Cir.1992); *United States v. Christman*, 894 F.2d 339, 342 (9th Cir.1990).

Sentencing Guidelines § 3C1.1 provides "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels." U.S.S.G. § 3C1.1. As we determined in *Lofton*,

> Sentencing Guidelines § 3C1.1 contains a clear *mens rea* requirement that limits its scope to those who "willfully" obstruct or attempt to obstruct the administration of justice. The meaning of "willful" is often determined by its context. *Spies v. United States*, 317 U.S. 492, 497–98, 63 S.Ct. 364, 367–68, 87 L.Ed. 418 (1942). As applied by section 3C1.1, the term "willfully" requires that the defendant "consciously act with the *purpose* of obstructing justice." *United States v. Stroud*, 893 F.2d 504, 507 (2d Cir.1990). Therefore, mere continuous criminal activity while awaiting sentencing, *without more*, is insufficient to justify a section 3C1.1 obstruction of justice enhancement. *See id.*

*United States v. Lofton*, 905 F.2d 1315, 1316–17 (9th Cir.) (emphasis in original), *cert. denied*, 498 U.S. 948, 111 S.Ct. 365, 112 L.Ed.2d 328 (1990).

Although a section 3C1.1 enhancement must be premised on willful conduct that has the purpose of *obstructing* justice, the district court need not specify the reasons for its factual finding of obstruction of justice. *See United States v. Marquardt*, 949 F.2d 283, 286 (9th Cir.1991) (Sentencing Reform Act does not require district court to give a statement of rea-

sons for sentencing guideline "adjustments"); *United States v. Torres–Rodriguez,* 930 F.2d 1375, 1390 (9th Cir.1991) (no requirement that court applying obstruction of justice enhancement make specific findings as to which of defendant's statements were perjurious). In the present case, however, we cannot presume the district court enhanced Gardner's sentence for obstruction of justice based on willful conduct because the district court stated:

> [I]t does appear that the defendant *knowingly or not,* under the influence of drugs, medication or other substances, apparently had an altercation with a security guard while the second security guard was in a bathroom and not present.... I think it doesn't matter much whether that was an attempted escape or not. It certainly was assault upon persons who were charged with the obligation of securing this defendant and does, it falls within the definition of obstruction of justice under the guidelines....

Sentencing Hearing, Feb. 5, 1992, pp. 20–21 (emphasis added).

The district court apparently concluded that regardless of Gardner's *mens rea,* his assault on a prison guard *per se* warranted an obstruction of justice increase. The district court's methodology cannot stand. Gardner's sentence must be vacated. *See United States v. Thomas–Hamilton,* 907 F.2d 282, 286 (2d Cir.1990) (remanding for resentencing a case where the district judge imposed an obstruction adjustment for defendant threatening a drug counselor notwithstanding the judge's express concession that he was "at a loss to ... figure out ... what [Thomas–Hamilton's] intent was."). *Id.* at 285.

### 2. Denial of Motions for Downward Departure

■ Gardner moved for a downward departure under guideline section 5K2.12, on the basis that he committed his crimes under coercion and duress. He argued that this coercion and duress resulted from a combination of his severe diabetes and poverty. He contended these circumstances forced him to turn to robbing banks to get money to pay for necessary insulin to treat his illness.

The district court determined that Gardner's diabetic condition and poverty, while serious, did not rise to the level of coercion or duress required by section 5K2.12. *See* U.S.S.G. § 5K2.12 ("The Commission considered the relevance of economic hardship and determined that personal financial difficulties ... do not warrant a decrease in sentence"). The court declined to depart downward under that section.

On appeal, Gardner argues the district court misinterpreted section 5K2.12. He contends the court erroneously applied what he calls the "classic definition" of duress, which he asserts is duress sufficient to avoid conviction, rather than the lesser standard of duress sufficient for a downward departure under section 5K2.12. *See* U.S.S.G. § 5K2.12 ("If the defendant committed the offense because of serious coercion, blackmail or duress, under circumstances not amounting to a complete defense, the court may decrease the sentence ..."); *United States v. Johnson,* 956 F.2d 894, 898 (9th Cir.1992) ("Evidently the Commission had in mind the showing of duress less than what constitutes a defense to a crime; for if the defense were 'complete,' there would have been no crime requiring a sentence.").

We reject Gardner's argument. There is nothing in the record to suggest that the district court did not follow the law and consider the kind of duress required under section 5K2.12. The court determined that under section 5K2.12 the coercion and duress asserted by Gardner was not sufficient to warrant a downward departure. In denying Gardner's motion for a downward departure, the district court exercised its discretion and that discretionary decision is not reviewable. *United States v. Morales,* 898 F.2d 99, 103 (9th Cir.1990).

The court also refused to depart downward under section 5K2.0, although it found that it could have done so. Gardner argues the court erred by failing to explain by appropriate findings why it refused to depart downward under section 5K2.0 after it determined that it could depart down-

ward under that section in view of Gardner's circumstances. We also reject this argument. The record shows the court was aware it could depart downward under section 5K2.0. It simply chose not to. In making that decision, the court exercised its discretion. That discretionary decision is not reviewable on appeal. *Id.*

3. Explanation of Sentence Imposed

The court imposed a sentence at the low end of the guideline range. In doing so, it explained that "there were mitigating circumstances arising from [Gardner's diabetic] condition." By this explanation, the court complied with 18 U.S.C. § 3553(c)(1) which requires the court to explain why it imposed a sentence at the particular point it did within the guideline range.

We conclude that the district court did not err in denying Gardner's motions for a downward departure or in explaining the sentence it imposed. The record discloses, however, that the court failed to consider the *mens rea* requirement for an upward adjustment for willful obstruction of justice under U.S.S.G. § 3C1.1. *Because of this error, Gardner's sentence must be vacated.*

Sentence VACATED; REMANDED for resentencing.