17 F.3d 397
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Shannon Lynn GRIMES, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Shannon Lynn GRIMES, Defendant-Appellant.
 Nos. 93-30176, 93-30180.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Decided Jan. 7, 1994.
 
 Before: SNEED, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated cases, Shannon Lynn Grimes appeals her 110-month sentence following a guilty plea to four counts of bank robbery in violation of 18 U.S.C. Sec. 2113(a). She contends the district court erred by refusing to depart downward from the applicable Sentencing Guidelines range on the basis of incomplete coercion or duress, pursuant to U.S.S.G. Sec. 5K2.12. We dismiss the appeal for lack of jurisdiction.
 
 
 3
 The district court may depart downward from the applicable Guidelines range on the basis of coercion or duress not amounting to a complete defense. U.S.S.G. Sec. 5K2.12; United States v. Johnson, 956 F.2d 894, 901-02 (9th Cir.1992). A district court's discretionary refusal depart downward is not reviewable on appeal, however, unless that decision was the result of a legal conclusion that the Guidelines preclude departure. United States v. Brown, 985 F.2d 478, 480 (9th Cir.1993); see also United States v. Gardner, 988 F.2d 82, 84 (9th Cir.1993) (per curiam) (rejecting appellant's argument that district court misinterpreted Sec. 5K2.12 and applied incorrect definition of duress, and ruling that district court's decision was a discretionary decision not subject to review).
 
 
 4
 Here, Grimes requested a downward departure on several grounds, including her history of abuse as a child and as an adult, and incomplete duress or coercion defense. At sentencing, the district court heard testimony on the issue of duress and coercion, including the testimony of a psychiatric nurse on Grimes' history of childhood abuse, and her resulting post-traumatic stress disorder and its effect on Grimes' perception of the ability of other people to control her. The district court expressly recognized that incomplete duress or coercion is a permissible basis for a downward departure under the Guidelines. The court determined, however, that Grimes had failed to carry her burden of establishing sufficient duress or coercion to warrant a departure under section 5K2.12. Because the court exercised its discretion, we can not review the decision on appeal. See Gardner, 988 F.2d at 84.
 
 
 5
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3