19 F.3d 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard David LaVALLE, Defendant-Appellant.
 No. 92-50533.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 1, 1994.
Decided Feb. 28, 1994.
 
 1
 Before: BROWNING, BOOCHEVER, and KLEINFELD, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 I. Validity of Miranda Waiver and Confession
 
 
 4
 LaValle's Miranda waiver was voluntary. A defendant who has invoked the right to silence may later waive that right and provide statements to the police. Edwards v. Arizona, 451 U.S. 477, 485 (1981). The district court found 1) LaValle initiated contact with Lundin on the way back to jail after arraignment and asked to speak with a detective about the robbery; 2) when read Miranda warnings, LaValle said he understood each of the rights and said "Sure" when Griffin asked if he wished to talk. These findings are not clearly erroneous, U.S. v. Bland, 908 F.2d 471, 472 (9th Cir.1990) (factual findings reviewed for clear error).
 
 
 5
 LaValle's confession was voluntary. "[C]oercive police activity is a necessary predicate to finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment," Colorado v. Connelly, 479 U.S. 157, 167 (1986), and "the 'voluntariness' inquiry in the Miranda waiver context is equivalent to the voluntariness inquiry under the fourteenth amendment." Derrick v. Peterson, 924 F.2d 813, 820 (9th Cir.1990). The district court found LaValle's confession was "not the result of any threat made against defendant by Deputy Hicks, Deputy Lundin, Sergeant Griffin or anyone else. Defendant's ... statements were not the result of any threat made by any law enforcement officer to have unwarranted charges made against defendant's 'wife.' " LaValle initiated the conversation with Griffin because "when he heard all the charges pending against him during his arraignment, he knew he would be going to prison for a very long time.... [He] wanted to set the record straight and get the charges against his 'wife' dropped." These findings are not clearly erroneous.
 
 II. Pre-Arraignment Delay
 
 6
 The district court did not plainly err in admitting LaValle's confession despite the delay in his arraignment in federal court. U.S. v. Dischner, 960 F.2d 870, 882-83 (9th Cir.1992) (claims not raised before the district court reviewed for plain error). The delay that occurred after LaValle's confession could not have affected LaValle's prior decision to confess. The remaining two-day delay was unavoidable. LaValle was initially arrested only on state charges,[1] and could not have been arraigned on the federal charge at that time because the federal investigation of his activities began only after he initiated contact with Griffin and confessed to the bank robbery. Moreover, there is no indication this two-day delay affected LaValle's decision to confess. Compare Alvarez-Sanchez, 975 F.2d at 1405 (overnight pre-arraignment delay in state custody required suppression of confession in federal trial where delay was designed to allow federal agents to obtain confession and the defendant was questioned prior to arraignment without the assistance of counsel).
 
 
 7
 III. Resolution of Factual Disputes at Sentencing
 
 
 8
 The district court did not violate Fed.R.Crim.P. 32(c) by failing to resolve disputed factual issues at sentencing. LaValle disputed whether the facts in the presentence report justified his classification as a career offender, but he did not (and does not on appeal) dispute the accuracy of those facts.
 
 IV. Statement of Reasons for Sentence
 
 9
 LaValle's claim that the district court violated 18 U.S.C. Sec. 3553(c) was raised for the first time in his reply brief and is, therefore, waived. U.S. v. Bentson, 947 F.2d 1353, 1356 (9th Cir.1991).[2]
 
 
 10
 V. Attack on Convictions Underlying Career Offender Enhancement
 
 A. Massachusetts Conviction
 
 11
 We reject LaValle's argument that the Massachusetts conviction was improperly used against him. He did not attack the validity of that conviction, but argued only that it was an improper basis for career offender classification because it was a misdemeanor. The district court recognized that assault on a police officer is punishable by up to two and a half years in the state prison, Mass.Gen.L.Ann. ch. 265, Sec. 13D (West Supp.1993), and could therefore be used as a basis for career offender classification. See 1991 U.S.S.G. Sec. 4 B1.2.
 
 B. California Conviction
 
 12
 The district court's refusal to entertain LaValle's collateral challenge to the California conviction before using that conviction as a basis for career offender classification requires us to vacate the sentence and remand for resentencing. "[T]he Constitution requires that defendants be given the opportunity to collaterally attack prior convictions which will be used against them at sentencing." U.S. v. Vea-Gonzales, 999 F.2d 1326, 1333 (9th Cir.1993).
 
 
 13
 The government argues Vea-Gonzales does not apply because LaValle did not attack the constitutionality of the California conviction. At the sentencing hearing, the following exchange occurred between defense counsel and the court:
 
 
 14
 LAVALLE'S COUNSEL: Your honor, I think that that particular conviction basically was obtained in violation of--or it was a result of ineffective assistance of counsel.
 
 
 15
 THE COURT: You may argue all you want, but if the conviction on its face is appropriate, the court has to receive it as such. If you want to attack the underlying conviction, you must attack the court that received the conviction--or ordered it.
 
 
 16
 This exchange clearly indicates LaValle sought to challenge the California conviction on the ground that it was obtained in violation of the Sixth Amendment. Under Vea-Gonzales, the district court was required to entertain the challenge.
 
 
 17
 We AFFIRM the conviction, VACATE the sentence and REMAND for resentencing.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3. The parties are familiar with the facts and issues, and we will not restate them here
 
 
 [1]
 We reject the government's suggestion that compliance with Cal.Penal Code Sec. 825(a) automatically makes the delay prior to LaValle's federal court arraignment reasonable. See U.S. v. Alvarez-Sanchez, 975 F.2d 1396, 1405 (9th Cir.1992) (suppression warranted where arraignment delayed more than twelve hours for the purpose of gaining confession)
 
 
 [2]
 LaValle's claim fails on the merits as well. The district court stated, "You are a young man of 33 years old. I find that, according to your record, you're a danger to the community, and I think the career offender status certainly reflects that...." This statement satisfies Sec. 3553(c). U.S. v. Gardner 988 F.2d 82, 85 (9th Cir.1993) (district court complied with Sec. 3553(c) by explaining that it imposed a sentence at the low end of the Guideline range because " 'there were mitigating circumstances arising from [Gardner's diabetic] condition' "). In addition, LaValle has failed to show how he was prejudiced. He received a sentence at the low end of the Guideline range and does not contend on appeal he was entitled to a downward departure