38 F.3d 1219
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James K. GARDNER, Defendant-Appellant.
 No. 93-50584.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 17, 1994.*
Decided Oct. 21, 1994.
 
 Before: BROWNING, FARRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James K. Gardner appeals his sentence of 147 months imposed following this court's vacation of his original sentence of 147 months in a prior appeal. Gardner was convicted by jury of unarmed bank robbery (18 U.S.C. Sec. 2113(a)), armed bank robbery (18 U.S.C. Sec. 2113(a) & (d)) and use of a firearm during and in relation to a crime of violence (18 U.S.C. Sec. 924(c)). This court reversed Gardner's sentence and remanded when it found that the court below failed to consider the mens rea requirement inherent in a finding of obstruction of justice under U.S.S.G. 3C1.1. See United States v. Gardner, 988 F.2d 82, 83 (9th Cir.1993). On remand the court below reimposed the original sentence, finding that Gardner possessed the requisite mens rea.
 
 
 3
 Pursuant to Anders v. California, 386 U.S. 738 (1967), Gardner's counsel filed a brief stating that he finds no arguable issues for review and a motion to withdraw as counsel of record. Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no issues for review.
 
 
 4
 Accordingly, counsel's motion to withdraw as counsel of record is GRANTED and the district court's judgment is AFFIRMED.[1]
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Plaintiff-appellee's September 26, 1994 motion to correct record is granted