47 F.3d 1176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus Antonio LEON-MADRID, Defendant-Appellant.
 No. 93-50714.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 7, 1995.
Decided Feb. 24, 1995.
 
 1
 Before: TROTT, FERNANDEZ, and T.G. NELSON Circuit Judges.
 
 
 2
 MEMORANDUM*
 
 
 3
 Jesus Antonio Leon-Madrid appeals his conviction and sentence. He was convicted by a jury of conspiracy to possess and possession with intent to distribute heroin and carrying a firearm in relation to a drug trafficking crime. Leon-Madrid contends that the district court committed error when it denied his Federal Rule of Criminal Procedure 29 motion for judgment of acquittal on the ground of entrapment, enhanced his offense level for obstruction of justice, refused to give him a decrease in offense level for acceptance of responsibility, and refused to depart downward based on coercion and duress. We affirm in part and dismiss in part for lack of jurisdiction.
 
 DISCUSSION
 
 4
 I. The district court's denial of the Rule 29 motion to dismiss
 
 
 5
 "There are two elements to the defense of entrapment: (1) 'government inducement of the crime,' and (2) 'the absence of predisposition on the part of the defendant.' " United States v. Mkhsian, 5 F.3d 1306, 1309 (9th Cir.1993) (citation omitted). The principal element of the defense is the defendant's lack of predisposition to commit the crime. See United States v. Barry, 814 F.2d 1400, 1401 (9th Cir.1987).
 
 
 6
 The entrapment issue is generally left to the jury unless it can be decided as a matter of law. Kkhsian, 5 F.3d at 1309. For a defendant to prove that he was entrapped as a matter of law, he must point to undisputed evidence which proves that an " ' "otherwise innocent person was induced to commit the illegal act" by government agents.' " Id. (citations omitted).
 
 
 7
 The evidence in this case was not undisputed. On the contrary, the parties put on competing evidence regarding Leon-Madrid's character, the government's role as initiator, Leon-Madrid's reluctance, and the degree of the government's inducement. Moreover, both parties agree that Leon-Madrid was involved in drug dealing for profit. See Barry, 814 F.2d at 1402. At bottom, the government came forward with persuasive evidence of predisposition. Although Leon-Madrid contends that the informant falsely characterized his involvement in the drug deals, credibility must be judged by the jury. See United States v. Gillock, 886 F.2d 220, 222 (9th Cir.1989) (per curiam).
 
 
 8
 The district court did not err when it denied Leon-Madrid's Rule 29 motion for a judgment of acquittal.
 
 II. Obstruction of justice
 
 9
 At Leon-Madrid's sentencing, the district court made factual findings that Leon-Madrid obstructed justice by committing perjury. Accordingly, the court increased his offense level by two points on account of that obstruction. See U.S.S.G. Sec. 3C1.1. See also id., comment. (n. 3(f))[1] ("providing materially false information to a judge" is an example of conduct which will trigger enhancement under this section); United States v. Rubio-Topete, 999 F.2d 1334, 1341 (9th Cir.1993).
 
 
 10
 If a defendant objects to a sentence enhancement which stems from his trial testimony, the "district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same, under the perjury definition [the Supreme Court] ha[s] set out." United States v. Dunnigan, --- U.S. ----, ----, 113 S.Ct. 1111, 1117, 122 L.Ed.2d 445 (1993).
 
 
 11
 The district court's findings were sufficient. The district court mentioned a specific instance of willful perjury--Leon-Madrid's testimony regarding his pager--to support its finding that Leon-Madrid had lied on the stand. This in itself supports the enhancement since it "encompasses all of the factual predicates for a finding of perjury." Id. First, the district court's factual determination that Leon-Madrid's testimony was false is entitled to deference and is supported by the government's testimony that pagers are used in connection with drug deals. Second, the district court's example of Leon-Madrid's lying concerned a material matter (the pager evidenced his degree of involvement with the drug culture and his predisposition to deal drugs). Third, the district court specifically found that the perjury was "willful." Although the sentencing reviewed in Dunnigan was more explicit as to "materiality," the district court's determinations here place its sentence well within the scope of that decision.[2]
 
 III. Acceptance of responsibility
 
 12
 The district court refused to reduce Leon-Madrid's offense level for acceptance of responsibility under U.S.S.G. Sec. 3E1.1(a), which permits a two level decrease in offense level if the defendant "clearly demonstrates acceptance of responsibility for his offense." Going to trial makes an acceptance of responsibility adjustment rare, and obstructing justice makes it extraordinary. U.S.S.G. Sec. 3E1.1, comment. (nn. 2 & 4). Moreover, a district court's refusal to decrease the offense level for acceptance of responsibility is entitled to "great deference on review." U.S.S.G. Sec. 3E1.1, comment. (n. 5).
 
 
 13
 Nothing before us indicates that the district court erred. Leon-Madrid does depend heavily upon a letter that he sent to the district court before he was sentenced. However, the contrition letter is not a glittering example of repentance. Rather it is a reiteration of his claims that he was "hard up," unfamiliar with drugs, and, basically, put upon.
 
 IV. Downward departure
 
 14
 The district court considered a downward departure for Leon-Madrid based upon his imperfect duress claim. See U.S.S.G. Sec. 5K2.12. The court examined the facts and determined that they did not support a finding of "serious coercion" which warranted a downward departure. A district court's discretionary refusal to depart downward is not reviewable on appeal unless that decision was the result of its legal conclusion that the guidelines preclude departure. See United States v. Morales, 898 F.2d 99, 103 (9th Cir.1990).
 
 
 15
 It is true that the district court did not expressly declare that it was exercising its discretion, but it need not do so. See United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir.1991) (per curiam). In fact, the court's statement that the evidence before it did not rise to a level warranting departure demonstrates that it did exercise its discretion. See United States v. Gardner, 988 F.2d 82, 84 (9th Cir.1993) (per curiam). We lack jurisdiction over the departure claim.
 
 
 16
 AFFIRMED in part, and DISMISSED for lack of jurisdiction in part.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by
 
 
 [1]
 All references are to the November 1, 1992 version of the guidelines
 
 
 [2]
 The district court also found that "the entire character" of Leon-Madrid's testimony was perjurious