50 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis BURKETT, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Phillip J. KAHL, Defendant-Appellant.
 Nos. 94-30005, 94-30021.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 6, 1995.
Decided March 15, 1995.
 
 Before: PREGERSON, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 A. The district court did not err by refusing to suppress the evidence seized during the search of Burkett's house. The warrant authorized the seizure of the audio tapes as "records of drug transactions." See United States v. Gomez-Soto, 723 F.2d 649, 654-55 (9th Cir.1984). Nor was the warrant overbroad for permitting seizure of all "financial records," as the affidavit in support of the warrant application showed that Burkett was a significant drug dealer whose primary source of income was the drug trade. See id. at 653.
 
 
 3
 B. A reasonable jury could have found that Burkett supervised, managed or organized at least five other people as required to convict him of engaging in a continuing criminal enterprise, and the judge correctly instructed the jury that they had to agree unanimously on the same five supervisees. No further instruction was required. United States v. Baker, 10 F.3d 1374, 1410 (9th Cir.1993); see Griffin v. United States, 112 S.Ct. 466, 472 (1991) ("Petitioner cites no case, and we are aware of none, in which we have set aside a general verdict because one of the possible bases of conviction was neither unconstitutional ..., nor even illegal ..., but merely unsupported by sufficient evidence.").
 
 
 4
 C. A rational jury could easily have found that Burkett's operation was a single conspiracy. See United States v. Bibbero, 749 F.2d 581, 587 (9th Cir.1984).
 
 
 5
 D. Based on the evidence of Kahl's continued contact with the conspiracy after his 1985 conviction, his continued drug use, his presence during drug transactions, and the pay-owe sheet bearing his initials, a reasonable jury could have found that Kahl had either not withdrawn from the conspiracy or withdrawn temporarily and rejoined it. See United States v. Lothian, 976 F.2d 1257, 1263 (9th Cir.1992). Proper foundation was laid for the introduction of the pay-owe sheet, which was not hearsay because it was a coconspirator statement. Cf. United States v. Jaramillo-Suarez, 950 F.2d 1378, 1384 (9th Cir.1991).
 
 
 6
 E. Kahl's challenges to his sentence are without merit: The district court did not commit clear error in crediting the testimony of Kahl's coconspirators that Kahl had distributed over four kilos of cocaine, see United States v. Becerra, 992 F.2d 960, 966 (9th Cir.1993); the district court's discretionary refusal to depart downward is not reviewable, United States v. Gardner, 988 F.2d 82, 84-85 (9th Cir.1993); and the district court did not commit clear error in determining that Kahl was not entitled to a downward adjustment based on his role in the offense, see United States v. Davis, 15 F.3d 902, 913 (9th Cir.1994).
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3