52 F.3d 335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Luis ARMENTA-CASTILLO, Defendant-Appellant.
 No. 94-50122.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 10, 1995.
April 19, 1995.
 
 Before: WALLACE, Chief Judge, HUG, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jose Luis Armenta-Castillo appeals his conviction and 95-month sentence for being a deported alien found in the United States after having been convicted of an aggravated felony, in violation of 8 U.S.C. Sec. 326(b)(2). Armenta-Castillo contends that his conviction violates his constitutional due process and equal protection rights because the Government is violating immigration laws by employing undocumented aliens to work in the United States Forest Service's Reforestation Program, and is selectively enforcing the immigration laws. He also raises several challenges to his sentence. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 I.
 Conviction For Illegal Reentry
 
 3
 For the first time on appeal, Armenta-Castillo contends his conviction violates due process and equal protection because the Government has enforced the immigration laws in a selective and discriminatory manner. In support of this claim, Armenta-Castillo cites a 1993 congressional report setting forth evidence that 50-to-60 percent of reforestation workers in the United States Forest Service's Reforestation Program are undocumented aliens.[1] Armenta-Castillo submitted the Forest Service Report to the district court for the first time during sentencing proceedings.
 
 
 4
 Because Armenta-Castillo raises this challenge to his conviction for the first time on appeal and has not shown that exceptional circumstances prevented him from raising it in the district court, we decline to address this claim. See United States v. Cupa-Guillen, 34 F.3d 860, 863-64 (9th Cir.1994); United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991).
 
 II.
 Sentence
 
 5
 Armenta-Castillo requested a downward departure from the guideline's recommended 84-to-105-month sentencing range. The district court declined to depart downward and imposed a sentence of 95 months. Armenta-Castillo contends that his sentence should be vacated because: (1) the district court should have granted a downward departure based on the Government's violation and selective enforcement of the immigration laws, as documented in the Forest Service Report; (2) the sentence constitutes cruel and unusual punishment; and (3) the sentence violates due process because U.S.S.G. Sec. 211.2(b)(2) impermissibly deprives the sentencing court of discretion to consider the sentencing factors set forth in 18 U.S.C. Sec. 3553. We address each of these arguments in turn.
 
 A. Downward Departure
 
 6
 A district court's discretionary decision not to depart is not reviewable on appeal unless that decision resulted from a legal determination that the guidelines preclude departure. United States v. Belden, 957 F.2d 671, 676 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992); see also United States v. Gardner, 988 F.2d 82, 84 (9th Cir.1993) (per curiam).
 
 
 7
 Here, the district court considered several possible bases for a downward departure. In denying Armenta-Castillo's request for a departure, the court stated that it did not "regard the Forest Service matter as being relevant to these proceedings." The district judge also stated, however, that he believed he had discretion to depart and was exercising that discretion by denying the request:
 
 
 8
 I am exercising my discretion. I am electing not to depart downward.... I feel that, under the circumstances and taking into consideration all of the factors of this case, that the request for downward departure should be denied, and I'm sentencing at the middle of the guideline range.
 
 
 9
 The court's statements and its selection of a sentence at the middle of the range indicate that the court was not inclined to depart downward in light of all the factors present. Because the court's decision does not appear to rest on the judge's belief that departure was precluded as a matter of law, the decision is not reviewable. See Gardner, 988 F.2d at 84; Belden, 957 F.2d at 676.
 
 B. Eighth Amendment
 
 10
 Armenta-Castillo contends his 95-month sentence is grossly disproportionate to his offense and, therefore, violates the Eighth Amendment's prohibition against cruel and unusual punishment. He points out that he has never been convicted of a violent crime and that his prior "aggravated felony" was for possession of a small quantity of a controlled substance for sale.
 
 
 11
 We conclude that Armenta-Castillo's sentence is "not so grossly disproportionate to the crime" as to violate the Eighth Amendment. See United States v. Cupa-Guillen, 34 F.3d 860, 864 (9th Cir.1994).
 
 C. Due Process
 
 12
 Armenta-Castillo contends that U.S.S.G. Sec. 2L1.2(b)(2), which imposes a 16-level increase in the offense level for illegal reentry if a defendant previously was deported after a conviction for an aggravated felony, violates due process because it takes away the sentencing court's ability to consider individual sentencing factors. More specifically, he argues that section 2L1.2(b)(2), by requiring a 16-level increase, removes from the court's consideration "the nature and circumstances of the offense and the history and characteristics of the defendant," which the sentencing court is required to consider pursuant to 18 U.S.C. Sec. 355(a)(1).
 
 
 13
 We review de novo Armenta-Castillo's claim that his due process rights were violated. United States v. Lewis, 979 F.2d 1372, 1374 (9th Cir.1992). We have previously rejected similar claims that the Sentencing Guidelines violated due process by restricting the sentencing court's discretion to consider a defendant's individual circumstances and any mitigating factors. See United States v. Mondello, 927 F.2d 1463, 1467, 1468-70 (9th Cir.1991) (listing string cite of supporting authority); United States v. Brady, 895 F.2d 538, 540 (9th Cir.1990); see also 18 U.S.C. Sec. 3553(b) (authorizing sentencing court to depart from guidelines range if court finds mitigating circumstances that were not considered by Sentencing Commission).
 
 
 14
 Congress has decided to impose heavy sentences on deported aliens who reenter the United States if they have previously been convicted of certain types of crimes. The guidelines implement that legislative decision. See 8 U.S.C. Sec. 1326(b)(2); U.S.S.G. Sec. 2L1.2(b)(2), comment. (nn. 4, 7) (1993). It is true that section 2L1.2 limits the sentencing court's discretion to decide what weight to accord the prior felony factor. It does not, however, prohibit the sentencing court from also considering the individual factors set forth in section 3553(a) and any additional mitigating factors that may be present. Accordingly, the 16-level enhancement provision of section 2L1.2(b)(2) does not violate due process. See Mondello, 927 F.2d at 1467, 1470; Brady, 895 F.2d at 541.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Third report by the Committee on Government Operations, Look Who's Minding The Forest: Forest Service Reforestation Program Due For a Major Overhaul, H.R.Rep. No. 218, 103d Cong., 1st Sess. (1993) ("Forest Service Report")