104 F.3d 366
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Julieo ALBERTO GUTIERREZ, Defendant-Appellant.
 No. 96-50149.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 20, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Julieo Alberto Gutierrez appeals his 21-month sentence imposed following the revocation of his supervised release. We have jurisdiction under 28 U.S.C. § 1291, and affirm.
 
 
 3
 Gutierrez contends that the government breached the plea agreement by not moving to dismiss Count Two of the revocation petition. Gutierrez did not present this contention in the district court.
 
 
 4
 "Issues not presented to the trial court cannot generally be raised for the first time on appeal." United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991). "[A]n alleged breach of the plea agreement is precisely the type of claim that a district court is best situated to resolve. The claim is fact-specific, may require an evidentiary hearing or proffer of evidence, and the trial court, having taken the plea and having heard the evidence, should have the first opportunity to rule." Id. at 560.
 
 
 5
 We have recognized certain narrow exceptions to the general rule against review on appeal of issues not raised below, if: (1) the defendant can demonstrate exceptional circumstances why the issue was not raised in the trial court, (2) the new issue arises while the appeal is pending due to a change in the law, or (3) the issue is purely legal and addressing it would not prejudice the opposing party. Id. at 558. "Further exception may be made when plain error has occurred and an injustice might otherwise result." Id. Because Gutierrez's claim does not fall within any of the exceptions, we decline to address the issue. See id.
 
 
 6
 Gutierrez next contends that the district court erred by failing to provide specific reasons for imposing the 21-month sentence. This contention lacks merit because the district court provided specific reasons for imposing the 21-month sentence when it stated that Gutierrez was guilty of a grade-B violation with a criminal history of VI. See United States v. Gardner, 988 F.2d 82, 85 (9th Cir.1993). In addition, Gutierrez has failed to show how he was prejudiced. He received a sentence at the low end of the Guidelines range and does not contend on appeal that he was entitled to a downward departure.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3