117 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Theodora Elizabeth SWANSON, aka: Theodora Swanson; aka:
"Seal D," Defendant-Appellant.
 No. 96-50198.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1997.
Decided July 2, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CR-94-00278-Kn(RG)-4; David V. Kenyon, District Judge, Presiding.
 Before: BROWNING, and SCHROEDER, Circuit Judges and RESTANI, Judge.**
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant-appellant Theodora Swanson ("Swanson") appeals both her conviction and her sentence.
 
 Conviction
 
 3
 Swanson asserts that the court erred in admitting testimony as to statements of her coconspirators. She claims that these statements were not made in furtherance of a conspiracy and are therefore inadmissible hearsay. Fed.R.Evid. 801(d)(2)(E) provides that "[a] statement is not hearsay if ... [t]he statement is offered against a party and is ... a statement by a coconspirator of a party during the course and in furtherance of the conspiracy."
 
 
 4
 The testimony challenged as hearsay was given by two witnesses, Ronald Matinolich and Thomas Fracasse. The offending testimony by Martinolich is as follows:
 
 
 5
 (1) that Bradley told Martinolich that Bradley had been recruited by Wegner to smuggle eggs, and that couriers were paid $5,000.
 
 
 6
 (2) that Bradley told Martinolich that Bradley, Wegner and Swanson had gone to Australia in 1987 and that Swanson had smuggled eggs into the United States.
 
 
 7
 (3) that Bradley told Martinolich that the smugglers liked to use women because they looked innocent when coming through customs.
 
 
 8
 The challenged testimony by Fracasse is as follows:
 
 
 9
 (1) that Bradley told Fracasse in 1988 that Swanson had been a courier.
 
 
 10
 (2) that Bradley told Fracasse that Swanson had once convinced Customs that the chirping of a bird that had hatched en route was a squeaky wheel on a piece of luggage.
 
 
 11
 Martinolich's own testimony established that at the time of the statements Bradley was trying to recruit him into the conspiracy. Similarly, Bradley was trying to recruit Fracasse by convincing him that the plan of the conspiracy was functioning successfully. The district court did not err in finding that the statements were made in furtherance of the conspiracy.
 
 Sentence
 
 12
 For the reasons stated in United States v. Bradley, Nos. 96-50015, 96-50022 (9th Cir. June 1997), issued simultaneously herewith, the court finds the district court's calculation of wildlife value was not in error. The court also finds that the district court did not err in finding Swanson responsible for the same amount of loss attributable to Bradley and Wegner. There was ample evidence for the district court's finding that Swanson was involved in the conspiracy from 1987 through 1991, as they were. Furthermore, the district court did not err in finding Swanson was not a minor or minimal participant. She traveled to Australia to smuggle eggs, she delivered eggs to an incubator, she received eggs from other coconspirators, she gave outbound egg smugglers egg vests or money, she paid for a smuggler's passport, she went to Australia when smugglers were caught there, and she helped rear birds.
 
 
 13
 The district court raised Swanson's guideline offence level by two levels for obstruction of justice. See United States Sentencing Commission, Guidelines Manual, § 3C1.1 (Nov.1995). The Ninth Circuit has held that section 3C1.1 "contains a clear mens rea requirement that limits its scope to those who 'wilfully' obstruct or attempt to obstruct the administration of justice." United States v. Gardner, 988 F.2d 82, 83 (9th Cir.1993) (quoting United States v. Lofton, 905 F.2d 1315, 1316-17 (9th Cir.1990)). Here, the adjustment is based on false testimony. Application note 3(b) to § 3C1.1 includes perjury as one of the non-exclusive examples of obstruction of justice. USSG § 3C1.1, comment. (n. 3). The Supreme Court has held that such an adjustment requires satisfaction of the elements of perjury, viz., "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." United States v. Dunnigan, 507 U.S. 87, 94 (1993).
 
 
 14
 In this case, however, the district court, while finding that Swanson's testimony was not true, also found that the falsity was not willful. The district court stated:
 
 
 15
 But it wouldn't surprise me at all if this defendant, Ms. Swanson, has done a good deal of this [false testifying] because she convinced herself of it.
 
 
 16
 * * *
 
 
 17
 [A]nd I must say my strong belief that, more than likely, this defendant actually has gotten to the point where she actually believes her story.
 
 
 18
 As the district court found by a preponderance of the evidence that Swanson believed her own false story, the upward adjustment for obstruction of justice was error.
 
 
 19
 Although it did not appeal the district court's two-level downward departure, the government now argues that if the obstruction of justice enhancement is vacated, the district court must be given the opportunity to revisit the downward departure. The downward departure, however, was based on a number of factors. The obstruction of justice enhancement was, at best, tangentially related. For these reasons the downward departure is not remanded for reconsideration.
 
 
 20
 Accordingly, the judgment of conviction and sentence is affirmed in all respects except as to the enhancement for obstruction for justice. That adjustment is vacated and this matter is remanded for recalculation of the guideline range and resentencing.
 
 
 21
 REMANDED.
 
 
 
 **
 Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3