141 F.3d 1181
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Wayde Lynn KURT, Defendant-Appellant.
 No. 97-30007.
D.C. No. CR-96-00440-JET.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1998**.
Decided March 13, 1998.
 
 Appeal from the United States District Court for the Western District of Washington, Jack E. Tanner, District Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 MEMORANDUM*
 Wayde Lynn Kurt appeals his sentence imposed following his jury conviction for conspiracy to pass, utter or publish counterfeit United States currency in violation of 18 U.S.C. §§ 371 and 472. Kurt contends that the district court erred by increasing his base offense level by two points for obstruction of justice under U.S.S.G. § 3C1.1, and by failing to provide sufficient factual findings in support of its decision. We have jurisdiction under 18 U.S.C. § 1291. We review for clear error the district court's determination that Kurt obstructed justice under the Guidelines, see United States v. Ancheta, 38 F.3d 1114, 1118 (9th Cir.1994), and we affirm.
 Kurt contends that the district court erred by enhancing his sentence for obstruction of justice because his false statements to the arresting officers did not hinder the investigation, and his attempt to alter the handwriting exemplars was not material to the offense. We disagree.
 The Guidelines provide that "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels." U.S.S.G § 3C1.1; United States v. Solano-Godines, 120 F.3d 957, 959 (9th Cir.1997), cert. denied, 117 S.Ct. 722 (1998); Ancheta, 38 F.3d 1118. Obstructive conduct includes "producing or attempting to produce a false, altered or counterfeit document or record during an official investigation or judicial proceeding." U.S.S.G. § 3C1.1 comment. 3(c). However, an enhancement is not warranted for "providing a false name or identification document at arrest, except where such conduct actually resulted in a significant hindrance to the investigation...." U.S.S.G. § 3C1.1 comment. 4(a); Solano-Godines, 120 F.3d at 962-63.
 The district court's conclusion that Kurt obstructed justice was not clearly erroneous. See Ancheta, 38 F.3d at 1118. Although Kurt's use of a false name and false social security card may not suffice to warrant a two-level enhancement, see Solano-Godines, 120 F.3d at 964, Kurt's deliberate attempt to disguise his handwriting in the exemplars he provided to the FBI is sufficient, see U.S.S.G. § 3C1.1 comment. 3(c). Accordingly, the district court did not clearly err in increasing Kurt's base offense level for obstruction of justice. See Ancheta, 38 F.3d at 1119 (where obstruction of justice enhancement was proper on at least one ground, remand is not required).
 
 
 1
 Nor did the district court err in failing to provide specific findings of fact supporting its conclusion. See United States v. Gardner, 988 F.2d 82, 83 (9th Cir.1993) (per curiam) (district court need not specify reasons for factual finding of obstruction of justice).
 
 
 2
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3