**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Harley L. HARMON, Defendant—
Appellant.**

No. 03–10537.

D.C. No. CR–01–00013–1–PMP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 15, 2004.

Decided Aug. 5, 2004.

Daniel R. Schiess, Las Vegas, NV, for Plaintiff-Appellee.

Frank J. Cremen, Esq., Las Vegas, NV, for Defendant-Appellant.

Appeal from the United States District Court for the District of Nevada, Philip M. Pro, District Judge, Presiding.

Before FERNANDEZ, PAEZ, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Harley Harmon appeals the district court's judgment of conviction on thirty-four counts of mail fraud and his resulting sentence of fifty-seven months imprisonment. We have jurisdiction under 28 U.S.C. § 1291 and we affirm the conviction, but vacate the sentence and remand for resentencing.

Harmon first argues that there was insufficient evidence to support his conviction on any count. In addressing a sufficiency of the evidence challenge, we must determine de novo whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *see also United States v. LeVeque,* 283 F.3d 1098, 1102 (9th Cir.2002) ("We review de novo claims of insufficient evidence."). Under 18 U.S.C. § 1341, "the essential elements of mail fraud are (1) a scheme to defraud, and (2) a knowing use of the mail to execute the scheme." *United States v. Beecroft,* 608 F.2d 753, 757 (9th Cir.1979). The first element requires "the government [to] demonstrate specific intent to defraud" by showing "either: (1) that the defendants knowingly made false representations or (2) that the scheme was reasonably calculated to deceive persons of ordinary prudence and comprehension." *Id.*

■ Harmon initially contends that he lacked a specific intent to defraud because he reasonably believed he had the legal authority to divert investors' funds into riskier investments. Whether Harmon had the legal authority to do so is irrelevant. The issue is whether a jury could find beyond a reasonable doubt that Harmon "knowingly made false representations" to investors that their money would finance a particular project when he knew this money might be diverted into another project. *See id.* Harmon admitted that he told investors that their investments would be used for specific projects. He never sought permission from these investors to divert their money into another project, and never warned them that he might do so. Despite Harmon's representations, it is undisputed that he diverted investor funds into other projects. Accordingly, there was sufficient evidence that Harmon intended to misrepresent which projects his investors' money would fund.

■ We also reject Harmon's contention that there was insufficient evidence that he misrepresented the priority level of the deeds of trust that would secure the in-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

vestments. Although Harmon claimed that he told investors in the Green Point III and IV loans that they were secured with second deeds of trust, numerous investors testified that Harmon assured them that their investments were backed up by first deeds. Because "[a]ll reasonable inferences supporting the conviction must be drawn, including decisions regarding the credibility of witnesses," *id.* at 756, Harmon's simple disagreement with the investors' testimony does not establish that there was insufficient evidence to support the verdict. We also conclude that there was sufficient evidence that Harmon misrepresented the priority status of Heather Ridge loan numbers 20428 and 20434.

■ There was also sufficient evidence that Harmon's mailings of interest checks, letters, and documents were "for the purpose of executing [the] scheme." 18 U.S.C. § 1341. The government argued that Harmon's mailings were intended to lull investors into not questioning Harmon's fraudulent scheme. As we have recognized, "[i]n a lulling scheme, subsequent mailings are 'designed to lull the victims into a false sense of security, postpone their ultimate complaint to the authorities, and therefore make the apprehension of the defendants less likely.'" *United States v. Manarite,* 44 F.3d 1407, 1412 (9th Cir.1995) (quoting *United States v. Maze,* 414 U.S. 395, 403, 94 S.Ct. 645, 38 L.Ed.2d 603 (1974)).

Harmon mailed letters that requested an extension of loan due dates to some of his investors. Harmon contends these letters would have alerted investors to problems, not lulled them. We disagree. The jury could have concluded that a lack of communication would have caused more concern than a communication that requested an extension. *See Schmuck v. United States,* 489 U.S. 705, 715, 109 S.Ct.

1443, 103 L.Ed.2d 734 (1989) (stating that "the mail fraud statute includes no guarantee that the use of the mails for the purpose of executing a fraudulent scheme will be risk free"). There was also sufficient evidence that the investment documents that Harmon sent to investors had "the effect of reassuring the victim that all is well," *Manarite,* 44 F.3d at 1413, and were intended to do so.

■ Harmon next argues that the district court admitted testimony by his former attorney, David Rivers, in violation of Federal Rules of Evidence 404(b) and 403. Because Harmon objected to this testimony on the basis of relevance, not on Rule 404(b) or Rule 403 grounds, we review the district court's decision for plain error. *See United States v. Gomez–Norena,* 908 F.2d 497, 500 (9th Cir.1990).

Harmon cannot establish that the district court's decision was "a highly prejudicial error affecting substantial rights," *id.* at 501, because the district court later admitted the same evidence without objection during the prosecution's cross-examination of Harmon. Furthermore, the district court did not err in admitting this evidence because it was used to impeach the testimony of Rivers, and it was probative in this respect. *See United States v. Gay,* 967 F.2d 322, 328 (9th Cir.1992) ("Federal Rule of Evidence 402 restricts the use of evidence solely for purposes of demonstrating a criminal proclivity. It does not proscribe the use of other act evidence as an impeachment tool during cross-examination.").

■ We agree with Harmon in one respect: the district court failed to make a finding that he *wilfully* testified falsely before imposing a two-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1.[1] "In order to find perju-

1. We review the district court's determination that Harmon obstructed justice for clear er-

ror. *United States v. Jimenez,* 300 F.3d 1166, 1170 (9th Cir.2002).

ry, the district court must find that the defendant's testimony was (1) false, (2) material and (3) willful." *United States v. Shannon*, 137 F.3d 1112, 1119 (9th Cir. 1998); *see also United States v. Dunnigan*, 507 U.S. 87, 95, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993). The district court never made a finding that Harmon's false testimony was willful. In imposing Harmon's sentence, the district court stated that "it would be inconsistent with the verdicts they returned to find or to conclude that that jury found Mr. Harmon's testimony to be credible.... So I must find ... that the assessment of two additional levels at paragraph 53, and hence the finding at 45 explaining it or in forming [sic.], are appropriate." The inconsistency between the jury's verdict and Harmon's testimony appears to have been the district court's only basis for imposing the enhancement. "Because the court here did not expressly find that the false testimony was [willful], its finding of perjury failed to encompass all factual predicates of perjury as required by *Dunnigan*." *United States v. Jimenez*, 300 F.3d 1166, 1171 (9th Cir.2002).

We cannot rule out the possibility that the district court recognized its responsibility to find that Harmon *wilfully* testified falsely, or that it intended to do so by approving of paragraph 45 of the PSR. But neither can we be sure, on the record before us, that it understood its duty and made the necessary finding. In light of this ambiguity, we vacate Harmon's sentence and remand for resentencing. *See United States v. Gardner*, 988 F.2d 82, 83–84 (9th Cir.1993) (vacating sentence and remanding for resentencing because this court "cannot presume the district court enhanced [the defendant's] sentence for

obstruction of justice based on willful conduct").[2]

The conviction is AFFIRMED, the sentence is VACATED, and this case is REMANDED FOR RESENTENCING.

---

**2.** At resentencing, the district court should give appropriate consideration to *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531,

159 L.Ed.2d 403 (2004); *United States v. Ameline*, 376 F.3d 967, 970 (9th Cir.2004); and other relevant authority.