**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50402 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00262-GHK-1 |
| v. | |
| RICHARD ALBERT WUERFEL, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. King, Chief District Judge, Presiding

Argued and Submitted February 5, 2014
Pasadena, California

Before: PREGERSON and WARDLAW, Circuit Judges, and BURRELL, Senior
District Judge.**

Appellant Richard Wuerfel appeals the district court's denial of his motion

to suppress evidence seized during a warranted search of his home and his sentence

of 72 months imprisonment followed by a lifetime term of supervised release. We

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Garland E. Burrell, Jr., Senior District Judge for the
U.S. District Court for the Eastern District of California, sitting by designation.

have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.  We affirm in part, reverse in part, vacate Wuerfel's sentence, and remand.

## Suppression of Evidence

We reject Wuerfel's argument that the July 30, 2009 search warrant was not supported by probable cause since the affidavit submitted in support of the search warrant "created a 'fair probability' that [child pornography] would be found in [Wuerfel's home]."  *United States v. Krupa*, 658 F.3d 1174, 1178 (9th Cir. 2011) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)) (stating the probable cause standard for issuance of a search warrant).  The affidavit evinced that in May of 2008, an individual using Wuerfel's name paid a monthly subscription to access child pornography on multiple occasions from an internet connection associated with Wuerfel's then residence.  Further, after Wuerfel moved, he sought access to additional child pornography, as shown by his email to a second child pornography website in October 2008 and his 51 attempts to download child pornography videos from the Federal Bureau of Investigation Web Lure website in the spring of 2009.  Therefore, the district court did not err in denying Wuerfel's suppression motion.

Wuerfel also argues the seized evidence should be suppressed because the government violated certain terms of the July 30, 2009 search warrant.  However,

2

Wuerfel did not raise this ground in his suppression motion, and he has given no reason for his failure to do so. Accordingly, the issue is waived. *United States v. Murillo*, 288 F.3d 1126, 1135 (9th Cir. 2002).

**Obstruction of Justice Enhancement**

Wuerfel contends the district court erred in applying a two-level sentencing enhancement for obstruction of justice under U.S.S.G. § 3C1.1 because he lacked the specific intent to obstruct justice.

"Sentencing Guidelines § 3C1.1 contains a clear *mens rea* requirement that limits its scope to those who 'willfully' obstruct or attempt to obstruct the administration of justice." *United States v. Lofton*, 905 F.2d 1315, 1316 (9th Cir. 1990). "As applied by section 3C1.1, the term 'willfully' requires that the defendant 'consciously act with the *purpose* of obstructing justice.'" *Id.* at 1316-17 (quoting *United States v. Stroud*, 893 F.2d 504, 507 (2d Cir. 1990)).

Here, we cannot "presume the district court enhanced [Wuerfel's] sentence for obstruction of justice based on willful conduct" given the sentencing record. *United States v. Garner*, 988 F.2d 82, 84 (9th Cir. 1993). In discussing Wuerfel's failure to self-surrender following the death of his wife, the district court stated that it did not disagree that "it is tough to imagine what . . . mental state" a person in Wuerfel's position might have had.

Since we cannot determine from the record whether the district court properly "consider[ed] the *mens rea* requirement for an upward adjustment for willful obstruction of justice," the district court's application of this enhancement is reversed, Wuerfel's sentence is vacated, and the case is remanded to the district court to determine whether to apply the obstruction of justice enhancement consistent with this disposition. *Gardner*, 988 F.2d at 85.

**Wuerfel's Sentence**

Wuerfel challenges both the length of his sentence and his lifetime term of supervised release.

The district court did not abuse its discretion in imposing a lifetime term of supervised release. *United States v. Collins*, 684 F.3d 873, 887 (9th Cir. 2012) (stating standard of review in deciding challenges to the length of a supervised release term). "[T]here is every indication that the district court considered the specific facts presented by [Wuerfel's] case and that its [imposition of a lifetime term of supervised release] was consistent with its assessment of these facts." *United States v. Apodaca*, 641 F.3d 1077, 1082 (9th Cir. 2011).

We need not decide whether Wuerfel's 72-month sentence is substantively unreasonable in light of our reversal on the obstruction of justice enhancement.

## Conclusion

For the stated reasons, we REVERSE the district court's application of the obstruction of justice enhancement, VACATE Wuerfel's sentence, and REMAND to the district court for resentencing consistent with this disposition. We AFFIRM the district court's denial of Wuerfel's suppression motion and imposition of a lifetime term of supervised release.

**AFFIRMED IN PART, REVERSED IN PART, VACATED, AND REMANDED.**

Each party shall bear its own costs on appeal.