UNITED STATES of America, Plaintiff–Appellee,

v.

Larnel Webb LOFTON, Defendant–Appellant.

No. 89–30225.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 1990.

Decided June 18, 1990.

Joseph Schlesinger, Asst. Federal Public Defender, Seattle, Wash., for defendant-appellant.

Paula E. Boggs, Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellee.

Before HALL, THOMPSON and LEAVY, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

While appellant Larnel Webb Lofton ("Lofton") was in jail awaiting his sentencing hearing on charges of wire fraud and bail jumping, he used his jail telephone to continue his wire fraud activities. The district court characterized this conduct as obstruction of justice and adjusted Lofton's offense level upward by two points. Lofton appeals his sentence which the district court imposed using this upward adjustment. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

## DISCUSSION

Sentencing Guidelines § 3C1.1, entitled "Willfully Obstructing or Impeding Proceedings," provides that: "If the defendant willfully impeded or obstructed, or attempted to impede or obstruct the administration of justice during the investigation or prosecution of the instant offense, increase the offense level ... by 2 levels."

Lofton argues that his in-jail conduct, upon which the district court relied to enhance his sentence, falls outside the scope of Sentencing Guidelines § 3C1.1. First, he contends that his in-jail conduct was not designed to cover-up the crimes to which he had pleaded guilty, nor did that conduct prevent his apprehension. Second, Lofton contends that no published case law supports the increase of a defendant's offense level by implementing section 3C1.1 where the defendant simply continues the same criminal activity. Third, Lofton argues that his continued criminal activity while in jail was used to deny him a downward adjustment of two points for acceptance of responsibility, and it was inappropriate for the court to use the same conduct to increase his offense level.

### A. *Standard of Review*

A district court's determination of whether a defendant obstructed justice is reviewed as a factual finding under the clearly erroneous standard, *United States v. Christman*, 894 F.2d 339, 342 (9th Cir. 1990), and 18 U.S.C.A. § 3742(e) (West Supp.1989).

### B. *Analysis*

Sentencing Guidelines § 3C1.1 contains a clear *mens rea* requirement that limits its scope to those who "willfully" obstruct or attempt to obstruct the administration of justice. The meaning of "willful" is often determined by its context. *Spies v. United States*, 317 U.S. 492, 497–98, 63 S.Ct. 364, 367–68, 87 L.Ed. 418 (1942). As applied by section 3C1.1, the

term "willfully" requires that the defendant "consciously act with the *purpose* of obstructing justice." *United States v. Stroud*, 893 F.2d 504, 507 (2d Cir.1990). Therefore, mere continuous criminal activity while awaiting sentencing, *without more*, is insufficient to justify a section 3C1.1 obstruction of justice enhancement. *See id.*

■ Here, however, Lofton did more than simply continue his wire fraud activity. He told his probation officer what his criminal activity had been. Based upon these statements, in which Lofton appeared to accept responsibility for his crimes, the probation officer prepared a presentence report which favored Lofton with a two-point reduction in his offense level computation. When Lofton's continued wire fraud activities came to light, the probation officer was required to prepare an addendum to the presentence report to set forth an accurate offense level computation and to provide the sentencing court with accurate information.

"[F]urnishing material falsehoods to a probation officer in the course of a presentence or other investigation for the court," is an example of conduct which implicates a section 3C1.1 upward adjustment. United States Sentencing Commission *Guidelines Manual*, § 3C1.1, Application Note 1(e). In *United States v. Baker*, 894 F.2d 1083 (9th Cir.1990), we determined that a defendant's misrepresentations to a probation officer which could lead to an "inaccurate sentence computation" or to a "delay in ascertaining accurate information for the court," are justifiable bases on which to apply a section 3C1.1 upward adjustment. *Id.* at 1084. Based on *Baker*, the district court was justified in its upward adjustment of Lofton's offense level.

■ It is also appropriate to adjust an offense level upward for obstruction of justice under section 3C1.1 when a defendant's conduct has a material effect on the government's investigative efforts or if the government has "lost time, manpower and money because it was laboring under ... [a] misbelief...." *United States v. Brett*, 872 F.2d 1365, 1372–73 (8th Cir.1989). In

the present case, the district court found that Lofton pursued his wire fraud activity from his jail cell at a time when he knew the government was trying to calculate the losses caused by his previous wire fraud acts. At Lofton's sentencing hearing, the district court stated:

> I could base the obstruction of justice on the fact that [Lofton] continued this [wire fraud] pattern at a time when ostensibly he knew everybody was trying to get the whole thing unwound and here he is going on and complicating it, though leading these people to believe that he has stopped.

Accordingly, the two-point upward adjustment for obstruction of justice was further supported by the district court's finding that Lofton's continued wire fraud activities impeded the government in its continuing investigation.

Lofton also argues the upward adjustment of his offense level for obstruction of justice was improper because the court used the same in-jail wire fraud activity to deny him a two-point reduction for acceptance of responsibility. This argument misses the mark. It was Lofton's statements to the probation officer concerning the extent of his criminal conduct that initially led to a recommendation of a two-point reduction for acceptance of responsibility. The discovery of Lofton's continued wire fraud activities from his jail cell demonstrated that these statements were false. The recommendation was changed and the court did not give Lofton credit for acceptance of responsibility. Lofton's conduct spoke louder than his words. As the district court stated:

> I cannot imagine a case in which somebody has spoken more loudly and clearly to the Court that you really didn't see the error of your ways. You persisted in them right up until the time the Court took away your telephone privileges, and heaven knows how far you would have gone if the Court hadn't done that.

Lofton cannot complain that because his acts of wire fraud showed he had not accepted responsibility for his criminal conduct, these acts could not be used to adjust

his offense level upward for obstruction of justice under section 3C1.1. Lofton did not accept responsibility for his crimes. He did commit acts from his jail cell that subjected him to an upward adjustment for obstruction of justice under section 3C1.1. The district court did not err in imposing a sentence based upon that upward adjustment.

AFFIRMED.