952 F.2d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Werner William JANER, aka: Lake, Jake, Defendant-Appellant.
 No. 90-50520.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1991.*
Decided Jan. 7, 1992.
 
 Before JAMES R. BROWNING, ALARCON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Werner William Janer appeals from the sentence of ninety-seven months imposed by the district court. Janer contends that the district court erred by imposing a two level adjustment for his role as a leader pursuant to section 3B1.1 of the Sentencing Guidelines, and an additional two level enhancement for obstruction of justice.
 
 
 3
 We affirm because we conclude that Janer invited any error regarding his leadership role. Janer's attorney informed the district court that he agreed with the calculation of the offense level. We also conclude that the district court did not clearly err in determining that Janer obstructed justice.
 
 I.
 
 4
 Janer asserts that the district court clearly erred in finding that he played a leadership role in the commission of the charged offenses. Janer argues that the record does not show that Fields was a participant, or that Janer exercised authority and control over Fields.
 
 
 5
 Janer concedes that he did not object to the adjustment for his leadership role at the sentencing proceedings. Instead, Janer's counsel informed the court as follows:
 
 
 6
 The defense adopts the findings in the Presentence Report and agrees with its calculation of the offense level. The defense urges that the court adopt the report and its findings.
 
 
 7
 In United States v. Visman, 919 F.2d 1390 (9th Cir.1990), cert. denied 112 S.Ct. 442 (1991), we held that a defendant whose counsel advises the district court that he does not object to the presentence report waives his right to challenge the court's sentencing calculation on appeal. Id. at 1393-94. Pursuant to Visman, we do not reach the propriety of the district court's determination of Janer's leadership role.
 
 II.
 
 8
 Janer also asserts that the district court's finding that he obstructed justice, is clearly erroneous. We review a district court's finding of obstruction of justice for clear error. United States v. Lofton, 905 F.2d 1315, 1316, (9th Cir.) cert. denied, 111 S.Ct. 365, 112 L.Ed.2d 328 (1990).
 
 
 9
 The district court found that Janer obstructed justice by (1) falsely asserting that he intended to remain at the same address for 30 days, (2) checking out of his hotel room the next day, (3) using a false name in obtaining utilities services after evading further contact with the FBI agent. The record supports the district court's factual findings.
 
 
 10
 Janer's reliance on United States v. Stroud, 893 F.2d 504 (2nd Cir.1990), is misplaced. In Stroud the Second Circuit held that instinctual flight to avoid arrest in the aftermath of a crime does not constitute obstruction of justice. Id. at 508.
 
 
 11
 In this matter, Janer's conduct was more than an instinctual reaction to an imminent threat of arrest. Janer deliberately misrepresented his true name, and his intention to remain in the area for 30 days, in order to interfere with an FBI investigation and to delay his arrest and prosecution.
 
 
 12
 In United States v. Mondello, 927 F.2d 1463 (9th Cir.1991), we upheld a finding of obstruction of justice where the evidence showed that the defendant evaded an investigation for two weeks by engaging in a "cat-and-mouse game of avoiding the authorities." Id. at 1467.[1]
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Janer contends that we should look to the examples provided both in the application notes to the 1987 guidelines and the amended application notes of 1990 for clarification of the meaning of Guidelines § 3C1.1. Both the 1987 commentary and the 1990 commentary state that the examples given are "non-exhaustive." Thus, the fact that Janer's behavior is not specifically mentioned does not counsel a different result