967 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John David DUDLEY, Defendant-Appellant.
 No. 91-30307.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 26, 1992.*
Decided June 4, 1992.
 
 Before FARRIS, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 MEMORANDUM**
 John David Dudley appeals his sentence under the Sentencing Guidelines following his conviction by guilty plea to possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g), and possessing an unregistered pen gun, in violation of 26 U.S.C. § 5861(d). Dudley contends that the district court erred in increasing his offense level for obstruction of justice pursuant to U.S.S.G. § 3C1.1. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 Obstruction of Justice
 Dudley contends that the district court erred by increasing his offense level by two levels based on an alleged threat to kill a potential witness in the proceeding against him. He contends that the conversation in which he allegedly made the threat concerned a dispute unrelated to the charges in the instant case.
 We review the district court's factual finding that Dudley obstructed justice for clear error. United States v. Lofton, 905 F.2d 1315, 1316 (9th Cir.), cert. denied, 111 S.Ct. 365 (1990).
 
 
 1
 Section 3C1.1 directs the district court to increase a defendant's offense level by two levels if the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." U.S.S.G. § 3C1.1. Threatening or intimidating a witness is a type of conduct to which the enhancement applies. Id., comment. (n. 3(a)); United States v. Pascucci, 943 F.2d 1032, 1037-38 (9th Cir.1991).
 
 
 2
 Here, Dudley borrowed a car from a friend, Belinda Michael, promising to return it within 30 minutes. Three days later, after Dudley failed to return the car or contact Michael, she reported the car stolen. A sheriff's deputy recognized the car from the description of the stolen vehicle and stopped Dudley, who was driving. A search yielded an unregistered pen gun in Dudley's pocket and a loaded handgun between the two front seats of the car. Belinda Michael came to the scene to claim her vehicle. She told the police that there were no guns in her car when she lent it to Dudley. According to the presentence report, she told police she did not want to press charges because she was afraid of Dudley.
 
 
 3
 The presentence report states further that Michael reported to investigators that a few days after Dudley's arrest, she received a call from him while she was at the home of the person who happened to be Dudley's passenger at the time of his arrest. According to the report, Dudley told her that she was going to go to jail for stealing his possessions. She replied that she was sorry he felt that way, and he told her that she was "dead." At the sentencing hearing, the government also presented evidence of Dudley's reputation in the community for violent and deliberately intimidating behavior. Dudley argued that the alleged conversation never took place, and that if it did occur, it involved a personal dispute between him and Michael over his belongings that had nothing to do with the charges against him. The district court found that Dudley did threaten Michael in connection with the case against him, and increased his offense level accordingly pursuant to section 3C1.1. The adjusted offense level corresponds to a guidelines range of 51 to 63 months; the district court sentenced Dudley to 60 months.
 
 
 4
 Had Dudley gone to trial, Michael could have testified that she had lent him her car, which he had failed to return, that the firearms were not in the car when she lent it to him, and that they were not hers. The alleged conversation occurred a few days after Dudley's arrest, while the government was still investigating other possible charges against Dudley. The district court did not clearly err in finding that Dudley's threats were an attempt to intimidate Michael so that she would not testify against him. See Pascucci, 943 F.2d at 1037-38.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Dudley's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3