972 F.2d 1345
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Issam K. KAADI, Defendant-Appellant.
 No. 91-30241.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1992.*
Decided Aug. 26, 1992.
 
 MEMORANDUM**
 Before TANG, FERGUSON and DAVID R. THOMPSON, Circuit Judges.
 Appellant Issam K. Kaadi was arrested for receiving narcotics through the United States mail. After pleading guilty to attempted possession of a controlled substance with intent to distribute, 21 U.S.C. § 846, and use of a federal communications facility to facilitate the attempt, 21 U.S.C. § 843(b), he was sentenced to 78 months in prison. Kaadi appeals, arguing that the district court erred in enhancing his sentence for willfully attempting to obstruct justice. See U.S.S.G. § 3C1.1. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 DISCUSSION
 Sentencing Guideline § 3C1.1 provides for a two-level sentence enhancement:
 [i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense....
 
 
 1
 U.S.S.G. § 3C1.1. An enhancement is warranted under this section if a defendant willfully attempts to influence a potential witness. United States v. Atkinson, No. 91-30084, slip op. 4643, 4656-57 (9th Cir. Apr. 27, 1992).
 
 
 2
 Before Kaadi pleaded guilty, he wrote a letter to Brian Johnson, a potential government witness, urging him to recant a statement he made to the authorities. While Kaadi admits to writing the letter, he contends it does not justify a sentence enhancement because: (1) even if he had succeeded in influencing Johnson, the government's case would not have been materially impaired, and (2) his decision to contact Johnson was not willful. "We review de novo conclusions of law concerning the application of the Guidelines, while reviewing the district court's underlying factual findings for clear error." United States v. Madera-Gallegos, 945 F.2d 264, 266 (9th Cir.1991).
 
 1. Material Impairment
 
 3
 Kaadi argues that a trial court cannot enhance a defendant's sentence for attempting to obstruct justice under section 3C1.1 unless the object of the attempt could have materially impaired the government's case. Although neither section 3C1.1 or its applicable commentary contains a "material impairment" requirement, see U.S.S.G. § 3C1.1, Application Note 3(a), Kaadi contends our decision in United States v. Lofton, 905 F.2d 1315, 1317 (9th Cir.), cert. denied, 111 S.Ct. 365 (1990), supports his position. We need not decide this issue, however, because we hold that the government's case would have been materially impaired if Kaadi had succeeded in influencing Johnson.
 
 
 4
 A statement is material to the government's case if it "would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1, Application Note 5. In his sworn statement, Johnson told postal authorities that Kaadi had admitted to receiving narcotics through the mail. This statement was the only direct evidence that Kaadi knew the packages he retrieved from the post office contained contraband.[1] Had Johnson recanted his statement, the government's prosecution of Kaadi for knowingly using the United States mail to receive contraband in violation of 21 U.S.C. § 843(b) would have been materially impaired.
 
 2. Willfulness
 
 5
 Section 3C1.1 "contains a clear mens rea requirement that limits its scope to those who 'willfully' obstruct or attempt to obstruct the administration of justice." Lofton, 905 F.2d at 1316. "As applied by section 3C1.1, the term 'willfully' requires that the defendant 'consciously act with the purpose of obstructing justice.' " Id. at 1316-17 (quoting United States v. Stroud, 893 F.2d 504, 507 (2d Cir.1990)).
 
 
 6
 Kaadi contends his attempt to influence Johnson was not willful because he was under severe emotional strain when he wrote the letter, and its contents do not reflect a conscious purpose to obstruct justice. We hold that the district court's finding of willfulness was not clearly erroneous.
 
 
 7
 While Kaadi's emotional strain is understandable given the lengthy prison sentence he faced, it in no way negates the voluntary nature of his actions. It is not clear error for the district court to conclude that in writing the letter to Johnson, Kaadi consciously attempted to derail the government's case by persuading Johnson to recant his statement. Such conduct fits squarely within the definition of a willful attempt to obstruct justice under section 3C1.1. See Lofton, 905 F.2d at 1316-17.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Johnson's statement was material to Kaadi's section 843(b) conviction, it had little impact on his possession conviction because a substantial quantity of narcotics had already been discovered in Kaadi's home