45 F.3d 437
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee
v.
Vache NERCESSIAN, Defendant-Appellant.
 No. 94-50229.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 8, 1994.*
Decided Dec. 16, 1994.
 
 Before: BROWNING, GOODWIN, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendant Vache Nercessian pleaded guilty to wire fraud and conspiracy to commit wire fraud, in violation of 18 U.S.C. Secs. 1343 and 371. He now appeals his sentence of 37 months in custody and the order that he pay $679,510.64 in restitution. We affirm the sentence but vacate the restitution order and remand for further consideration of Nercessian's ability to make restitution.
 
 I.
 
 3
 Defendant was the controller and purchasing manager of the Chipp Club Corporation, a "bust out" scheme to buy computer equipment on phony lines of credit and to resell the equipment without paying for it.
 
 
 4
 Defendant was indicted on 25 counts and arrested. He eventually pled guilty on two counts of wire fraud and one count of conspiracy to commit wire fraud. The plea agreement stated that the government would recommend a three-level reduction in the applicable guideline offense level for acceptance of responsibility, provided that the defendant would be completely truthful, forthcoming, and candid regarding all aspects of the offense. However, the government discovered that while Defendant was released on bail pending sentencing, he sold some computer equipment that he had concealed from police searches and laundered the money. Defendant had represented to his probation officer that the government had seized all of his assets at the time of his arrest and that he had no monthly income. The government recommended that Defendant's bond be revoked, that the downward departure for acceptance of responsibility be denied, and that an increase of two levels for obstruction of justice be applied. The sentencing judge agreed.
 
 
 5
 As noted, the sentence also ordered $679,510.64 in restitution to the victims of the scheme.
 
 II.
 
 6
 Defendant claims that the District Court erred in denying him a downward adjustment for acceptance of responsibility and in applying a two-level increase for obstruction of justice. We review a district court's sentencing determinations for clear error. United States v. Rosales, 917 F.2d 1220, 1222 (9th Cir.1990); United States v. Lofton, 905 F.2d 1315 (9th Cir.1990).
 
 A.
 
 7
 The United States Sentencing Commission Guidelines Manual ("Guidelines") section 3C1.1 states that the offense level shall be increased by two levels "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense...." The enhancement applies to "providing materially false information to a probation officer in respect to a presentence or other investigation for the court." Guidelines Sec. 3C1.1, Application Note 3.
 
 
 8
 When a defendant's misrepresentations to a probation officer could lead to an "inaccurate sentence computation" or to a "delay in ascertaining accurate information for the court," the court is justified in imposing a section 3C1.1 upward adjustment. Lofton, 905 F.2d at 1317.
 
 
 9
 Our review of the record supports the sentencing judge's conclusion that Defendant's post-plea conduct and misrepresentations obstructed and impeded the administration of justice.
 
 B.
 
 10
 Guidelines section 3E1.1 provides for a decrease in offense level if the defendant "clearly demonstrates acceptance of responsibility for his offense." However, "[c]onduct resulting in an enhancement under Sec. 3C1.1 ... ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." Guidelines Sec. 3E1.1, Application Note 4.
 
 
 11
 Furthermore, although entry of a guilty plea constitutes evidence of acceptance of responsibility, "this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." Guidelines Sec. 3E1.1, Application Note 3. When a defendant's conduct conflicts with a verbal acceptance of responsibility, the actions are deemed to speak louder than the words. Lofton, 905 F.2d at 1317. Thus, the court may properly couple the upward adjustment with a denial of credit for acceptance of responsibility.
 
 
 12
 After Defendant entered his guilty plea and was supposedly cooperating with the authorities, Defendant concealed evidence from authorities and attempted to enjoy the fruits of his crime. While extraordinary cases may exist in which obstructive conduct is not inconsistent with an acceptance of responsibility, this is a perfect example of actions speaking louder than words. The sentencing judge's decision to deny a decrease for acceptance of responsibility was entirely proper.
 
 III.
 
 13
 Defendant also claims that the sentencing judge failed to take into consideration Defendant's ability to pay when he ordered Defendant to make restitution to the victims of the scheme. We review such orders for abuse of discretion. United States v. Smith, 944 F.2d 618 (9th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 1515 (1991).
 
 
 14
 Authority to order a defendant to pay restitution to victims of any Title 18 offense is granted under 18 U.S.C. Secs. 3663 and 3664. Future restitution may be ordered despite a defendant's present indigency. United States v. Ramilo, 986 F.2d 333, 335 (9th Cir.1993). A restitution order must be supported by some evidence of present or future ability to pay, such as financial resources and earning ability. Id. at 334. Section 3664 says the court "shall consider" a variety of factors, including the defendant's financial resources, financial needs, and earning capacity. United States v. Newman, 6 F.3d 623 (9th Cir.1993).
 
 
 15
 Because the record shows that the sentencing judge believed he need not consider the defendant's ability to pay, we must remand for further findings.
 
 
 16
 For the foregoing reasons, we VACATE the restitution order, AFFIRM the sentence in all other respects, and REMAND.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3