87 F.3d 1325
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Myron D. SMITH, Defendant-Appellant.
 No. 94-30381.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 6, 1995.
Decided June 4, 1996.
 
 Before: FLETCHER, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Myron D. Smith ("Smith") appeals his conviction for possession of illegal drugs in violation of 21 U.S.C. § 841, arguing that the district court erred by permitting impeachment of a defense witness with a thirteen-year-old conviction for filing a false statement. Smith also appeals his sentence, arguing that the district court erred in adjusting his offense level upward for obstruction of justice under U.S.S.G. § 3C1.1, and for possession of a firearm in a drug-related offense under U.S.S.G. § 2D1.1(b)(1). The jury acquitted Smith of using a firearm during a drug trafficking crime under 18 U.S.C. § 924(c)(1).
 
 
 3
 Smith argues that the trial court's evidentiary ruling allowing impeachment of his "alibi" witness was reversible, harmful error. We disagree. Evidence of a conviction that occurred more than ten years ago is not admissible to impeach a witness's credibility unless the district court makes a determination, supported by specific facts and circumstances, that the probative value of the conviction substantially outweighs the prejudicial effect of the conviction. Fed.R.Evid. 609(b). The district court determined that the probative value of the thirteen-year-old felony conviction for filing a false statement was high because the witness's credibility was significant in light of the defense theory that the drugs in Smith's home were planted by others. The district court also determined that any prejudice to Smith would be small because the conviction was used to impeach a witness other than Smith, and was for a crime unrelated to the crime for which Smith was being tried. Moreover, Smith's witness can hardly be characterized as an alibi witness. The witness's testimony, if fully believed, simply placed Smith out of his house near the time the house was searched, and placed Danny Wares, a convicted felon on parole, at the house along with other young people. The witness provided no explanation or "alibi" as to how Wares or others could have set up a drug operation, including secret hiding compartments, in Smith's home, or why Smith's fingerprints were found on drug-related items. Therefore, Smith's conviction is affirmed.
 
 
 4
 The district court enhanced Smith's sentence for obstruction of justice under U.S.S.G. § 3C1.1 because the court determined that Benny Lay was not credible in his videotaped testimony. The court cited circumstantial evidence that Benny Lay was Smith's minion. Our review of the record reveals no evidence, other than Benny Lay's suspect credibility on the videotape, to support a finding of obstruction of justice. The fact that Benny Lay might have been lying on the videotape, without more, does not support a finding of Smith's willful conduct that has the purpose of obstructing justice under Section 3C1.1. See United States v. Lofton, 905 F.2d 1315, 1317 (9th Cir.1990). Therefore, we vacate the sentence and remand for resentencing to remove the enhancement for obstruction of justice.
 
 
 5
 The jury acquitted Smith of using or carrying a firearm during and in relation to his drug trafficking, in violation of 18 U.S.C. § 924(c). The search of Smith's home revealed approximately 40 firearms inside his residence, including handguns, assault rifles, and numerous hunting rifles. Two small loaded handguns were found in a kitchen cabinet near some drugs. These two handguns were the guns specified in the charge under 18 U.S.C. § 924(c), which ended in acquittal.
 
 
 6
 The trial court adjusted Smith's offense level for drug possession upwards two levels for the presence of firearms under U.S.S.G. § 2D1.1(b)(1). The trial court stated:
 
 
 7
 This guideline [U.S.S.G. § 2D1.1(b)(1) ] does not track 924(c), it simply says that wherever someone is conducting a drug business and he or she has guns on the premises, he or she gets a two-point adjustment upward unless it's highly improbable that there was any connection, and, of course, it isn't highly improbable, it's highly probable that there was a very close connection. So I think that the two-point enhancement is required.
 
 
 8
 After Smith was sentenced, this Court decided United States v. Watts, 67 F.3d 790 (9th Cir.1995), cert. denied, No. 95-8184 (April 1, 1996). In Watts, we held that sentence enhancement under U.S.S.G. § 2D1.1(b)(1) was improper after acquittal under 28 U.S.C. § 924(c). Then the Supreme Court decided Bailey v. United States, --- U.S. ----, 116 S.Ct. 501 (1995). In Bailey, the Supreme Court held that to sustain an 18 U.S.C. § 924(c)(1) "use" conviction, the government must show that the defendant "actively employed the firearm during and in relation to the predicate crime." 116 S.Ct. at 509.
 
 
 9
 A sentencing issue arises because, in both Watts and in this case, the juries were instructed under the broader pre-Bailey standard for § 924(c) liability. In both cases, because of the instructions, the scope of the acquittal was broader than the scope of the § 924(c) charge. In Watts, only two guns were found in the defendant's residence, and both of those guns were identified in the § 924(c) count. When the jury acquitted Watts under the broader pre-Bailey instruction, the sentencing court was precluded from finding that Watts had possessed a firearm during his drug offense, according to the holding of United States v. Brady, 928 F.2d 844, 851 (9th Cir.1991).
 
 
 10
 In this case, there were over forty firearms found on the premises, and only two were specified in the § 924(c) charge. The trial court did not specify which guns triggered the sentencing enhancement. Because the scope of the acquittal in this case is wider than the scope of the § 924(c) charge, the sentence must be vacated and remanded for the trial court to make findings regarding which firearms, if any, can be considered for purposes of the enhancement under U.S.S.G. § 2D1.1(b)(1).
 
 
 11
 The conviction is AFFIRMED, and the sentence is VACATED and REMANDED for resentencing.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3