**UNITED STATES of America, Plaintiff–Appellee–Cross– Appellant,**

v.

**Bobby Gene WILSON, Jr., Defendant– Appellant–Cross–Appellee.**

---

United States of America, Plaintiff–
Appellant, Cross–Appellee,

v.

Bobby Lionel Mitchell, Defendant–
Appellee. Cross–Appellant.

Nos. 99–50547, 99–50552,
99–50614, 99–50615.
D.C. Nos. CR–98–00975–R–
01, CR–98–00975–R–03.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 11, 2001.

Decided Sept. 5, 2001.

Before RYMER and RAWLINSON,
Circuit Judges, and RESTANI,* Court of
International Trade Judge.

MEMORANDUM **

Appellants Mitchell and Wilson are two
of five men involved in a conspiracy to rob
a Loomis–Fargo armored vehicle in 1998.
Both men appeal their convictions and sen-
tences on various evidentiary and sentenc-
ing grounds.

*Wilson Appeal*

The district court acted within its discre-
tion in denying the motion to sever the
trials. *See Sandoval v. Calderon*, 241 F.3d
765, 772 (9th Cir.2001). Nor did the court
err by excluding Wilson's family members
from the courtroom. The safety of the
witness was a substantial reason for par-
tial closure and such closure was sufficient-
ly tailored to satisfy the purpose for which
the exclusion was ordered. *See United
States v. Sherlock*, 962 F.2d 1349, 1356 (9th
Cir.1992). Further, the witness' testimony
was cumulative; therefore, any procedural
deficiency was harmless.

Re-reading the *Pinkerton* jury instruc-
tion, without the remaining conspiracy in-
structions being read again, was not error.
There was ample evidence to support the
jury's finding that Wilson was an active
conspirator. *See United States v. Estra-
da–Macias*, 218 F.3d 1064, 1066 (9th Cir.
2000) (citation omitted).

A trial court violates the Confrontation
Clause only if its ruling "limits relevant
testimony, prejudices the defendant and
denies the jury information to appraise the
biases and motivations of the witness."
*United States v. Lo*, 231 F.3d 471, 482 (9th
Cir.2000) (citing *United States v. Bensi-*

---

* Honorable Jane Restani, Judge, Court of In-
ternational Trade, sitting by designation.

** This disposition is not appropriate for publi-
cation and may not be cited to or by the

courts of this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.

*mon,* 172 F.3d 1121, 1128 (9th Cir.1999) (internal quotations omitted)). The record does not reflect that relevant testimony was limited, Wilson was prejudiced or the jury was denied information. No Confrontation Clause violation was established in this case.

Finally, the facts supported enhancing Wilson's sentence for carjacking and for causing serious bodily injury. Additionally, the court correctly calculated Wilson's criminal history score. Therefore, the district court did not err in sentencing Wilson.

### Mitchell Appeal

Mitchell was properly convicted under the Hobbs Act. The attempted robbery affected interstate commerce. *See United States v. Bagnariol,* 665 F.2d 877, 894 (9th Cir.1981) (citing *Stirone v. United States,* 361 U.S. 212, 215, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960)).

The identification of the voice on the tape was reliable and there is no contention that the transcript is inaccurate. *See United States v. Tisor,* 96 F.3d 370, 376 (9th Cir.1996); *United States v. Rrapi,* 175 F.3d 742, 746 (9th Cir.1999). Nor was the tape so substantially unintelligible that it was unreliable. *Tisor,* 96 F.3d at 376. Hence, we are satisfied that "the recording [was] accurate, authentic, and generally trustworthy." *United States v. King,* 587 F.2d 956, 961 (9th Cir.1978).

Moreover, the tapes were not inadmissible hearsay. In fact, they were not hearsay at all under the Federal Rules of Evidence, which exclude admissions from the definition of hearsay. Fed.R.Evid. 801(d)(2)(A).

Any error in limiting cross-examination of Taylor was harmless in light of the totality of the evidence. *See United States v. Pena–Gutierrez,* 222 F.3d 1080, 1089 (9th Cir.2000) (subjecting asserted Confrontation Clause violations to harmless error analysis).

The district court properly enhanced Mitchell's sentence for serious bodily injury, amount of loss, role in the offense, taking a weapon from the victim and career offender status.

### Government Cross–Appeal

For each matter controverted in a presentence report, "the court must make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing." Fed. R.Crim. P.32 (c)(1). The district court failed to address controverted matters.

The Mandatory Victim's Restitution Act ("MVRA"), "makes restitution mandatory, without regard to a defendant's economic situation, ... to identifiable victims who have suffered physical injury or pecuniary loss from crimes ... against property." *United States v. Dubose,* 146 F.3d 1141, 1143 (9th Cir.1998); 18 U.S.C. § 3663A. The district court abused its discretion in failing to impose restitution. *See United States v. Kubick,* 205 F.3d 1117, 1128–30 (9th Cir.1999) (remanding to district court to apply MVRA).

Accordingly, Wilson and Mitchell's convictions are AFFIRMED. Wilson and Mitchell's sentences are VACATED and REMANDED for an order of restitution, and for determination of whether the evidence supports enhancements for taking money belonging to a financial institution and for obstruction of justice. The sentences are AFFIRMED in all other respects.