**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Juan Carlos MUNOZ, Defendant–Appellant.**

No. 01–30114.

D.C. No. CR–00–00193–R.

United States Court of Appeals, Ninth Circuit.

Decided Feb. 11, 2002.*

Before B. FLETCHER, T.G. NELSON and TALLMAN, Circuit Judges.

### MEMORANDUM**

Juan Carlos Munoz appeals his 108–month sentence, imposed after a guilty plea to methamphetamine distribution, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Munoz challenges the district court's imposition of a two-level upward adjustment for obstruction of justice, because he contends that the district court failed to specifically find that he willfully and actually obstructed investigation and prosecution of this offense. *See* U.S.S.G. § 3C1.1, cmt. n. 4(g) (approving enhancement where defendant provides materially false statement to law enforcement officer that significantly obstructs or impedes official investigation or prosecution of the offense). We review for clear error, *United States v. Lofton,* 905 F.2d 1315, 1316 (9th Cir.1990), and conclude that this contention lacks merit.

The record before us adequately supports the district court's determination that Munoz lied to investigators about his drug supplier, and that because of this false information, the government did not seek indictment against at least one of the co-defendants with whom Munoz was initially arrested and whose present whereabouts are unknown. Consequently, the

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

district court did not clearly err by imposing the obstruction of justice enhancement. *See id.* at 1317 (concluding that mens rea requirement of willfulness is satisfied where defendant secretly continued to engage in criminal activity before sentencing, at a time when he knew government was trying to calculate losses caused by his previous conduct).

**AFFIRMED.**