**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Reece T. DRINGLE, Defendant–Appellant.**

No. 01–30177.

D.C. No. CR–00–00083–JWS.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2002 *.

Decided July 30, 2002.

Before BROWNING, KOZINSKI and BERZON, Circuit Judges.

MEMORANDUM **

Reece T. Dringle appeals the 24–month sentence imposed after her guilty-plea conviction for one count of making, uttering, and possessing counterfeited private securities, in violation of 18 U.S.C. § 513(a). We have jurisdiction under 18 U.S.C. § 3742, and we affirm.

Dringle contends that the district court erred in applying a two-level upward adjustment to her offense level for obstruction of justice under U.S.S.G. § 3C1.1. She argues the court erred by finding that letters she forged and submitted to the court for consideration at sentencing were material to the outcome of the sentence. Dringle also alleges the court erred by imposing the adjustment without a finding

of willfulness. We review the district court's imposition of a sentencing enhancement under U.S.S.G. § 3C1.1 for clear error, *United States v. Lofton,* 905 F.2d 1315, 1316 (9th Cir.1990), and we find none.

The district court did not clearly err in its finding of materiality. As the court noted, if it had believed the forged letter from Brigette Dringle–Lechner to be true, this would have influenced the outcome of the sentence. *See United States v. Magana–Guerrero,* 80 F.3d 398, 400 (9th Cir. 1996). Further, the district court recited all the requirements of § 3C1.1, including willfulness. We find no clear error in the district court's explicit ruling that Dringle submitted the forged letter to the court with the intent to influence the court's determination of the appropriate sentence.

Dringle next contends that the district court erred in concluding that its enhancement of her sentence for obstruction of justice prevented the court from granting a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1, because her case presented extraordinary circumstances justifying the downward adjustment. *See* U.S.S.G. § 3E1.1, cmt. n. 4.

Acceptance of responsibility is a factual determination by the district court reviewed for clear error. *United States v. Hopper,* 27 F.3d 378, 381–82 (9th Cir. 1994). We review the district court's decision that a case is not an extraordinary case justifying a simultaneous adjustment for obstruction of justice and acceptance of responsibility also for clear error. *Id.* at 381.

Notwithstanding Dringle's timely entry of a plea agreement and letter of remorse

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

to her employer, her forged letters of reference, intended to influence the district court's determination of an appropriate sentence, are inconsistent with acceptance of responsibility and evidenced her continued involvement in fraudulent activity. *See United States v. Cooper,* 912 F.2d 344, 345–46 (9th Cir.1990); *Magana–Guerrero,* 80 F.3d at 398. Accordingly, we find no clear error in the district court's decision not to apply the downward adjustment for acceptance of responsibility.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.