**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Norman Hugh SMITH, Defendant– Appellant.**

No. 01–30168.

D.C. No. CR–00–00186–TSZ.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 17, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HUG, O'SCANNLAIN and TASHIMA, Circuit Judges.

MEMORANDUM **

Norman Hugh Smith appeals his 36–month sentence imposed following his guilty plea conviction for two counts of making and subscribing a false individual tax return and two counts of making and subscribing a false corporate tax return, in violation of 26 U.S.C. § 7206(1). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Smith contends that the district court erred by increasing his offense level two points for obstructing justice pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 3C1.1. Reviewing for clear error, *United States v. Lofton*, 905 F.2d 1315, 1316 (9th Cir.1990), we are not persuaded. A review of the entire record demonstrates that the district court did not err in finding by a preponderance of the evidence that Smith obstructed justice by withholding documents. *See United States v. Asagba*, 77 F.3d 324, 326 (9th Cir.1996) (stating that "[r]eview under the clearly erroneous standard is significantly deferential, requiring for reversal a definite and firm conviction that a mistake has been made. The standard does not entitle a reviewing court to reverse the finding of the trial court simply because the reviewing court might have decided differently.") (citation omitted).

Smith's final contention is that the district court erred by refusing to allow the two point reduction for acceptance of re-sponsibility pursuant to U.S.S.G. § 3E1.1(a). The district court did not commit clear error by finding that Smith's statement of responsibility was insufficient and his post-offense asset transfers were part of the scheme to defraud the government, and were inconsistent with an acceptance of responsibility. *See United States v. Fellows*, 157 F.3d 1197, 1202–03 (9th Cir.1998).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

