**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Mark Anthony JARVEY, Defendant— Appellant.**

No. 02–30260.

D.C. No. CR–01–00122–SEH.

United States Court of Appeals, Ninth Circuit.

Submitted May 6, 2003.*

Decided May 15, 2003.

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suit-

Before O'SCANNLAIN, GOULD, Circuit Judges, and BOLTON,** District Judge.

### MEMORANDUM***

Mark Anthony Jarvey appeals the conviction and sentence imposed following his guilty plea to sexual abuse of a minor in violation of 18 U.S.C. §§ 1153, 2241(c), and 2243(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion by denying Jarvey's motion to withdraw his guilty plea. *See United States v. Nagra,* 147 F.3d 875, 880 (9th Cir.1998) (the standard of review for denial of a motion to withdraw a guilty plea is abuse of discretion). The district court was entitled to credit Jarvey's testimony at the Rule 11 hearing over his subsequent allegations and acted within its discretion by determining that the plea was voluntary and intelligent. *See, e.g., United States v. Castello,* 724 F.2d 813, 814–15 (9th Cir. 1984).

The district court's finding that Jarvey obstructed justice is supported by the record. *See United States v. Lofton,* 905 F.2d 1315, 1316 (9th Cir.1990) (a district court's finding that the defendant obstructed justice is reviewed for clear error); *United States v. Hinostroza,* 297 F.3d 924, 929 (9th Cir.2002) (once the court made a finding that the defendant obstructed justice enhancement was required).

We lack jurisdiction to review the district court's refusal to depart horizontally from criminal history category II to criminal history category I because the record does not show that the district court mistakenly believed that it had no authority to depart. *See United States v. Berger,* 103 F.3d 67, 69 (9th Cir.1996) (this court lacks jurisdiction to review a district court's discretionary refusal to depart downward when sentencing a defendant under the Sentencing Guidelines).

AFFIRMED.

** The Honorable Susan R. Bolton, United States District Court Judge for the District of Arizona, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

