UNITED STATES of America,
Plaintiff–Appellee,

v.

Hector Manuel DUARTE–ACUNA,
Defendant–Appellant.

No. 01–10707.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 10, 2002.

Decided June 5, 2003.

Before: KOZINSKI and KLEINFELD, Circuit Judges, and KARLTON, District Judge.[1]

### MEMORANDUM [2]

We reject appellant's argument that the evidence was insufficient to establish a "direct or substantial relationship" between his transportation of the aliens and the furtherance of their presence in the United States. *United States v. Moreno,* 561 F.2d 1321, 1323 (9th Cir.1977). In *United States v. Hernandez–Guardado,* 228 F.3d 1017, 1024 (9th Cir.2000), we held that such a relationship exists when a person "provide[s] transportation for one leg of illegal aliens' migration to locations within the United States." Appellant's conduct fits that description. He took the aliens from a grassy field near the border to the town of San Luis, and the evidence strongly suggests that he would have continued on to Yuma had the Border Patrol not intervened.

Appellant next contends that the two-level sentence enhancement for obstruction

---

1. The Honorable Lawrence K. Karlton, Senior United States District Judge for the Eastern District of California, sitting by designation.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

of justice was improper because the district court failed to make specific findings encompassing the factual predicates of perjury. The determination that appellant obstructed justice is a factual finding we review for clear error. *See United States v. Jimenez*, 300 F.3d 1166, 1170 (9th Cir. 2002). If a defendant objects to a sentence enhancement under § 3C1.1, as Duarte–Acuna did here, the "district court must review the evidence and make independent findings necessary to establish a willful impediment to, or obstruction of, justice, or an attempt to do the same," under the definition of perjury. *United States v. Dunnigan*, 507 U.S. 87, 95, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993). While "it is preferable for a district court to address each element of the alleged perjury in a separate and clear finding," it is sufficient if the court makes a finding "that encompasses all of the factual predicates for a finding of perjury." *Id.* "The requirement that a trial court 'make findings to support all the elements of a perjury violation' with 'specificity' is a procedural safeguard designed to prevent punishing a defendant for exercising her constitutional right to testify." *Jimenez*, 300 F.3d at 1171 (quoting *Dunnigan*, 507 U.S. at 97–98).

■ "Sentencing Guidelines § 3C1.1 contains a clear *mens rea* requirement that limits its scope to those who 'willfully' obstruct or attempt to obstruct the administration of justice." *United States v. Lofton*, 905 F.2d 1315, 1316 (9th Cir.1990). "As applied by section 3C1.1, the term 'willfully' requires that the defendant 'consciously act with the *purpose* of obstructing justice.'" *Id.* at 1316–17 (quoting *United States v. Stroud*, 893 F.2d 504, 507 (2d Cir.1990)). Because the district court made no finding of fact that the appellant willfully provided the testimony with the purpose of obstructing justice, the sentence must be vacated.

Accordingly, we affirm the conviction, vacate the sentence, and remand for resentencing.

**AFFIRMED in part, VACATED in part, and REMANDED.**