UNITED STATES of America,
Plaintiff—Appellee,

v.

Bobby Lionel MITCHELL,
Defendant—Appellant.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

United States of America,
Plaintiff—Appellee,

v.

Bobby Gene Wilson, Jr., Defendant—
Appellant.

United States of America,
Plaintiff—Appellant,

v.

Bobby Lionel Mitchell, Defendant—
Appellee.

No. 02–50292, 02–50304, 02–50344.

United States Court of Appeals,
Ninth Circuit.

Submitted: June 7, 2005.*

Decided: June 7, 2005.

Luis Li, AUSA, Carole C. Peterson, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff-Appellee.

Michael J. Treman, Attorney at Law, Santa Barbara, CA, Jerald L. Brainin, Esq., Los Angeles, CA, for Defendant–Appellant.

Before: BROWNING, MAGILL,** and RYMER, Circuit Judges.

** The Honorable Frank J. Magill, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

**450**

MEMORANDUM ***

Bobby Lionel Mitchell and Bobby Gene Wilson, Jr. were convicted of violating the Hobbs Act and using a firearm during a crime of violence in violation of 18 U.S.C. §§ 1951 and 924(c). We previously affirmed their convictions, but vacated their sentences and remanded for an order of restitution, and for determination of whether the evidence supported enhancements for taking money belonging to a financial institution and for obstruction of justice. *United States v. Wilson,* 18 Fed. Appx. 611, 613 (9th Cir.2001). We affirmed their sentences in all other respects. *Id.* Mitchell and Wilson appeal following resentencing. The government cross-appeals the resentencing.

With respect to Wilson, we reverse and remand for resentencing. Wilson preserved his claim in the district court that his sentence violated *United States v. Booker,* — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), when he argued during resentencing that any enhancements to his sentence should have been tried to a jury. *United States v. Ameline,* 409 F.3d 1073, 1078 n. 1 (9th Cir.2005) (en banc) (citing *United States v. Antonakopoulos,* 399 F.3d 68 (1st Cir.2005); *United States v. Pirani,* 406 F.3d 543 (8th Cir.2005); *United States v. Fagans,* 406 F.3d 138, 141 (2d Cir.2005)). We therefore reverse and remand for resentencing in light of *Booker,* — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621. *See Fagans,* 406 F.3d at 141 ("As a result of the preserved error, we could simply reverse for the erroneous imposition of a sentence under the compulsory force of the Guidelines and remand for

resentencing without any further adjudication."). Because Mitchell did not challenge his sentence on Sixth Amendment grounds in the district court, we grant a limited remand pursuant to *United States v. Ameline,* 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc). In light of this disposition, we need not address the balance of Mitchell or Wilson's challenges to their resentencings or the government's cross-appeal regarding the imposition of enhancements.

REMANDED.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

