**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Bobby Gene WILSON, Jr.,
Defendant–Appellant.**

No. 05–50837.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 4, 2007.

Filed June 26, 2007.

Becky S. Walker, Esq., Carole C. Peterson, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Gary P. Burcham, Esq., San Diego, CA, for Defendant–Appellant.

Before: TROTT, ROTH,* and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Bobby Gene Wilson, Jr. is one of several men who were involved in an attempted armed robbery of a Loomis–Fargo armored van. Wilson appeals his sentence of 270 months imprisonment. This is the third time this case has reached our Court on sentencing issues. For the reasons stated below, we will affirm Wilson's sentence.

### Procedural History

A jury convicted Wilson of conspiracy and violations of 18 U.S.C. § 1951 and § 924(c). At the original sentencing hearing, the District Court sentenced Wilson to 308 months imprisonment. The District Court did not impose an order of restitution as required under 18 U.S.C. § 3663A.

Wilson appealed his conviction and sentence and the government cross-appealed the sentence. We affirmed Wilson's conviction but vacated his sentence and remanded for resentencing. *United States v. Wilson,* 18 Fed.Appx. 611, 613 (9th Cir. 2001). Specifically, we remanded for an order of restitution and for a determination of whether the evidence supported the two-level sentencing enhancements sought by the government for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, and for taking money belonging to a financial institution, pursuant to U.S.S.G. § 2B3.1(b)(1). We affirmed the sentence in all other respects.

At resentencing, the District Court followed our instructions by imposing an order of restitution and considering the enhancements sought by the government. The District Court explicitly concluded that both enhancements were supported by the evidence. However, the District Court chose not to impose either enhancement and again imposed a sentence of 308 months imprisonment.

Wilson again appealed his sentence and the government again cross-appealed the sentence. We never reached the issues raised by the parties on this appeal, however, because we remanded for resentencing in light of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), which had been decided in the interim. *United States v. Wilson,* 133 Fed. Appx. 449, 450 (9th Cir.2005). We concluded that Wilson had preserved the *Booker* issue during resentencing and therefore we remanded for full resentencing and reasonableness review. We did not remand for a limited resentencing pursuant to *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc), which would have required the District Court to consider only whether it would have imposed a materially different sentence had it known at the time of sentencing that the federal guidelines were advisory.

At the second resentencing, the District Court made statements that suggested it misunderstood the remand to be pursuant to *Ameline.* However, both parties corrected the District Court's misunderstanding. Wilson recommended a sentence of 240 months imprisonment. The government recommended a sentence between 295 and 353 months, including enhancements for obstruction of justice and for

---

* The Honorable Jane R. Roth, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

taking money belonging to a financial institution. The government also conceded that, pursuant to *Castillo v. United States*, 530 U.S. 120, 120 S.Ct. 2090, 147 L.Ed.2d 94 (2000), the maximum consecutive sentence capable of being imposed under § 924(c) was 60 months, as opposed to the 120 months applied at the first and second sentencings.

After considering the parties' arguments, the District Court sentenced Wilson to 270 months imprisonment, 38 months less than the sentence imposed at the first and second sentencings. In reaching the 270–month sentence, the District Court applied the sentencing enhancements for obstruction of justice and taking money belonging to a financial institution, but made no factual findings in this regard beyond those already made at the first resentencing hearing. The District Court also applied the reduced 60–month consecutive term of imprisonment for the § 924(c) violation. It is not clear exactly how the District Court reached the precise figure of 270 months. However, the District Court stated that, upon consideration of the 18 U.S.C. § 3553(a) factors, it found the 270–month sentence to be reasonable under *Booker*.

Wilson again appeals his sentence. He does not argue that his sentence is unreasonable under *Booker*. Rather, he argues resentencing is once again required because, in Wilson's view, the District Court (1) misconstrued the second remand to be pursuant to *Ameline;* (2) violated Fed. R.Crim.P. 32(i)(3)(B) by failing to make specific findings resolving factual disputes relevant to the newly applied sentencing enhancements, or, alternatively, applied the wrong standard of proof in concluding there was factual support for these enhancements; (3) imposed the enhancement for obstruction of justice without sufficient evidentiary support; and (4) retroactively applied the remedial portion of the *Booker* opinion in violation of the Ex Post Facto and Due Process clauses of the United States Constitution.

**Discussion**

■ *First,* applying de novo review, *United States v. E.I. du Pont de Nemours & Co.,* 366 U.S. 316, 325, 81 S.Ct. 1243, 6 L.Ed.2d 318 (1961), we conclude that the District Court understood the scope of, and complied with, our prior mandate. Although the District Court initially misunderstood our most recent remand to be pursuant to *Ameline,* the substance of the second resentencing hearing and the ultimate sentence imposed suggest that the District Court understood the plenary nature of its discretion on remand. The District Court made significant substantive modifications to the sentence previously imposed, including reducing the mandatory consecutive term under § 924(c) from 120 months to 60, and applying the guideline enhancements for obstruction of justice and taking money belonging to a financial institution.

■ *Second,* applying de novo review, *United States v. Standard,* 207 F.3d 1136, 1140 (9th Cir.2000), we conclude that the District Court did not violate Rule 32(i)(3)(B). That rule requires specific findings resolving relevant disputes of fact (i.e., whether a fact is accurate), but not disputes over the proper conclusions to be drawn from those facts. *See United States v. Lindholm,* 24 F.3d 1078, 1085 n. 7 (9th Cir.1994). Wilson did not object to the accuracy of the facts upon which the District Court relied in imposing the sentence enhancements for obstruction of justice and taking money belonging to a financial institution; rather, Wilson simply argued that the evidence was not sufficient to support a conclusion that those enhancements were warranted. Therefore, specific fact-finding was not required in this

regard. *See United States v. Carter*, 219 F.3d 863, 866 (9th Cir.2000)("A finding that a defendant is eligible for a sentence enhancement ordinarily does not require specific fact-finding."). In any case, at the first resentencing hearing, where the facts supporting the contested enhancements were discussed at length, the District Court stated: "I would find there is support for the taking of money belonging to a financial institution and for obstruction of justice...."

■ With regard to Wilson's alternate argument, which was not presented to the District Court and therefore is subject to plain error review, *United States v. Riley*, 335 F.3d 919, 925 (9th Cir.2003), we conclude that the District Court correctly applied the preponderance of the evidence standard, as opposed to the clear and convincing standard, in reviewing facts supporting the contested sentencing enhancements. If the combined impact of the contested sentencing enhancements is extremely disproportionate to the impact of the offense of conviction, a district court must apply the clear and convincing standard. *United States v. Jordan*, 256 F.3d 922, 927 (9th Cir.2001). Upon consideration of the totality of the circumstances, with special regard to the six factors relevant to determining an extremely disproportionate effect, *id.* at 928–929, we conclude that applying the clear and convincing standard was not warranted as most of these factors did not favor doing so.

■ *Third*, on review for clear error, *United States v. Lofton*, 905 F.2d 1315, 1316 (9th Cir.1990), we conclude that the record sufficiently supported imposition of the obstruction of justice enhancement under U.S.S.G. § 3C1.1. Jakari Taylor, a coconspirator turned government witness, gave testimony at trial adequately demonstrating that Wilson willfully threatened and intimidated him in order to prevent him from testifying for the government.

■ *Fourth*, on de novo review, *United States v. Leon H.*, 365 F.3d 750, 752 (9th Cir.2004), we conclude that the District Court's retroactive application of the remedial portion of the *Booker* opinion did not violate Wilson's rights under the Ex Post Facto and Due Process clauses of the United States Constitution, as those claims have been foreclosed in this Circuit. *United States v. Williams*, 441 F.3d 716, 725 (9th Cir.2006) (citing *United States v. Dupas*, 419 F.3d 916, 918 (9th Cir.2005)).

Accordingly, Wilson's sentence is **AFFIRMED**.