NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 14 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-969 |
| Plaintiff - Appellee, | D.C. No. 2:22-cr-00036-MWF-1 |
| v. | |
| RICHARD ROYDEN CHAMBERLIN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted June 11, 2024
Pasadena, California

Before: TASHIMA, CHRISTEN, and VANDYKE, Circuit Judges.

Richard Royden Chamberlin appeals the district court's sentence of 30 months' imprisonment in connection with his shooting at a Planned Parenthood clinic. Chamberlin pleaded guilty to one count of forcible interference and attempted forcible interference with the obtaining and provision of reproductive health services, in violation of the Freedom of Access to Clinic Entrances (FACE)

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Act, 18 U.S.C. § 248(a)(1), and one count of being a felon in possession of a firearm and ammunition, 18 U.S.C. § 922(g)(1). Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's interpretation of the Sentencing Guidelines de novo and its factual findings for clear error. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017). We review for abuse of discretion the district court's application of the Guidelines to the facts of the case. *Id.* We affirm in part and vacate and remand for resentencing in part.

1. We reverse imposition of the hate crime enhancement. United States Sentencing Guidelines § 3A1.1(a) requires a finding, beyond a reasonable doubt, that the defendant intentionally targeted his victim because of a protected characteristic such as gender. U.S. Sent'g Guidelines Manual (U.S.S.G.) § 3A1.1(a) (U.S. Sent'g Comm'n 2023); s*ee United States v. Armstrong*, 620 F.3d 1172, 1175–76 (9th Cir. 2010). The district court stated at sentencing that there was "no evidence" that "this really was just based solely on misogyny." The district court instead imposed the enhancement after alluding to a disparate impact theory, suggesting that because the majority of the clinic's patients are women, the effects of Chamberlin's intimidation tactics would fall disproportionately upon women. The district court's findings rule out the possibility that Chamberlin intentionally selected victims because of their gender. Thus, the district court's

findings do not support the hate crime enhancement.

2.  We affirm the district court's ruling that the base offense level for the FACE Act offense is 14, consistent with aggravated assault pursuant to U.S.S.G. § 2A2.2, and not simple assault pursuant to U.S.S.G. § 2A2.3. The most serious conduct that fits into the Guideline for simple assault is the *threatened* use of a dangerous weapon.[1] *See* U.S.S.G. § 2A2.3(a). Here, Chamberlin actually fired his weapon, and he did so in the direction of the doors and windows of a building in which people were working, receiving treatment, and/or waiting as and for patients, as well as in the direction of the bench outside where a woman was sitting. The district court acknowledged that Chamberlin does not appear to have been aiming at any particular person, but we reject Chamberlin's argument that shooting into a crowd without aiming would constitute only simple assault. The district court did not err by concluding that aggravated assault was the appropriate match for Chamberlin's conduct.

3.  Concerning the imposition of the obstruction enhancement under U.S.S.G. § 3C1.1, we affirm the district court's finding that the transcript shows Chamberlin was lying or at least attempting to mislead the FBI. But false

---

[1]     The clear inapplicability of § 2A2.3 to Chamberlin's crime leaves no ambiguity that would require deference to the commentary for § 2A2.2. *See Kisor v. Wilkie*, 588 U.S. 558, 573 (2019); *United States v. Castillo*, 69 F.4th 648, 655–56 (9th Cir. 2023).

statements to law enforcement constitute obstruction only when "a defendant's conduct has a material effect on the government's investigative efforts" or "if the government has lost time, manpower and money because it was laboring under a misbelief." *United States v. Lofton*, 905 F.2d 1315, 1317 (9th Cir. 1990) (internal quotation marks, alterations, and citation omitted); *see also* U.S.S.G. § 3C1.1, cmt. n.4(G) & 5(B).[2] Because the district court made no findings on materiality, or on whether the conduct significantly obstructed or impeded the investigation, we remand for the district court to address materiality and obstruction on a closed record.

**AFFIRMED in part and VACATED and REMANDED in part.**

---

[2]     The Government agrees that Chamberlin's false statements must be material.